GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA 94063
Telephone: 415.236.2048
Email: Dutta@BEELawFirm.com
Fax: 213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;<br><br>*Plaintiffs*,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;<br><br>*Defendants*. | CASE NO.: 3:21-cv-05566-EMC<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**<br><br><br>JUDGE: Hon. Edward M. Chen |

## I.    PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT

*Introductory Statement.*  Plaintiffs Buttar for Congress Committee and Shahid Buttar

(collectively, the "Buttar Parties") filed their Complaint on July 20, 2021, and personally served

the Summons and Complaint on Oct. 12, 2021.

The Parties began their Rule 26(f) Conference on Oct. 28, 2021 and concluded their

discussion on Nov. 17, 2021.  Defendant Hearst Communications, Inc. ("Hearst") stated that it

would file a Special Motion to Strike pursuant to California's Anti-SLAPP statute; and the Parties

agreed, *inter alia*, to stipulate to additional briefing time with respect to Defendant Hearst's

contemplated motion.  That stipulation will be filed this week.

The Buttar Parties now submit the following 26(f) Report and Initial Case Management Statement:

1.      **Jurisdiction and Service.**  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction), because Defendant Hearst is a foreign corporation.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because Defendant Hearst, in its capacity as owner of the *Chronicle*, is subject to personal jurisdiction in this district.

2.      **Facts**

*Profile of Mr. Buttar.*  Plaintiff Shahid Buttar is a constitutional lawyer, legal advocate, nonprofit leader, community organizer, poet, and musician.

An early advocate for LGBTQ marriage equality and a longtime advocate for civil liberties, Mr. Buttar worked over the previous 15 years for nonprofit organizations including the Electronic Frontier Foundation (EFF), Bill of Rights Defense Committee (now known as Defending Rights and Dissent), Muslim Advocates, and the American Constitution Society (ACS).

A British immigrant of Pakistani descent, Mr. Buttar grew up in the Midwest.  He first came to the Bay Area in 2000 to study law at Stanford Law School, from which he received his law degree in 2003.  In 2020, Mr. Buttar became the first Democrat to challenge U.S. House of Representatives Speaker Nancy Pelosi in a general election.

*Defendant Hearst's Wrongdoing.*  On July 22, 2020, the San Francisco *Chronicle* published an article (the "Article") in its print edition.  The Article contained a false allegation, made by a person named Elizabeth Croydon in a self-published essay, that Mr. Buttar had committed sexual harassment.

The *Chronicle* published the Article after refusing to contact individuals who would have provided details of Ms. Croydon's history of lobbing false

CASE MANAGEMENT STATEMENT

1    allegations against a federal candidate and other political activists.

2            For example, according to Dr. Margaret Flowers, M.D., Ms. Croydon

3    falsely accused Dr. Flowers' husband Kevin Zeese of sexual assault in 2006, the

4    same year he was a Maryland candidate for the U.S. Senate.

5            On July 23, 2020 (one day after the Article was published), the *Intercept*

6    covered Ms. Croydon's allegations – and expressly stated that a number of

7    individuals had questioned Ms. Croydon's credibility:  "The *Intercept* has spoken

8    to several people who recounted having disturbing interactions with Croydon that

9    caused them to question her credibility."[1]

10           The next day (July 24, 2020), the *Independent Political Report* published

11   an open letter, in which 17 individuals expressed deep concern regarding Ms.

12   Croydon's credibility and described her history of false allegations against

13   political activists.[2]

14           The next day (July 25, 2020), the *Chronicle* published a follow-up piece

15   (the "Follow Up Piece") regarding Ms. Croydon's allegations.  Although it quoted

16   individuals who defended Mr. Buttar's ethics and integrity, the Follow-Up Piece

17   was misleading in two major ways.  *First*, it portrayed those individuals as Mr.

18   Buttar's friends, when they are fiercely independent political activists.

19           *Second*, even though the reporter (Joe Garofoli) had been apprised that Ms.

20   Croydon had a long history of false accusations against political activists, the

21   Follow-Up Piece failed to disclose that highly relevant history to *Chronicle*

22   readers.

23           As a direct result of the *Chronicle's* publication of Ms. Croydon's false

24

25   [1]      Akela Lacy, *Intercept*, July 23, 2020 "Shahid Buttar's Bid to Unseat Nancy Pelosi Roiled by Staff Mistreatment", *available at* https://theintercept.com/2020/07/23/shahid-buttar-campaign-allegations/ (last visited July 17, 2021).

26

27   [2]      "DC Activists Support Shahid Buttar, Call Accuser Troubled Person with History of Accusations" (italics added), *Independent Political Report*, July 24, 2020, *available at* https://independentpoliticalreport.com/2020/07/dc-activists-support-shahid-buttar-call-accuser-troubled-person-with-history-of-false-accusations/ (last visited July 17, 2021).

28

CASE MANAGEMENT STATEMENT

allegation, Mr. Buttar and his campaign were inflicted with grievous harm to their reputations.  The false allegations in the Article recklessly and unjustly smeared Mr. Buttar's ethics and integrity, harmed his professional livelihood and personal relationships, slashed his speaking and writing opportunities, and gravely damaged the public's perception of his fitness to hold political office.

3.    **Legal Issues.**  The Buttar Parties anticipate that Defendant Hearst will dispute the entirety of their claims for (1) Defamation at Common Law and Cal. Civ. Code §45 (Libel), and (2) Violation of Cal. Bus. & Prof. Code §§17200, et seq.

4.    **Motions.**  Defendant Hearst intends to file a Special Motion to Strike pursuant to California's Anti-SLAPP statute.  The Buttar Parties reserve the right to file all appropriate motions.

5.    **Amendment of Pleadings.**  The Buttar Parties reserve the right to seek leave to amend their Complaint.

6.    **Evidence Preservation.**  The Buttar Parties confirm that their counsel has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The Buttar Parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action.

7.    **Disclosures.**  The Parties will make their initial disclosures 20 days after the Case Management Conference is held.

8.    **Discovery.**  The Buttar Parties will propound discovery shortly.

9.    **Class Actions.**  Not applicable.

10.   **Related Cases.**  Not applicable.

11.   **Relief.**  As set forth in their Complaint, the Buttar Parties seek the following relief:

I.    Damages, including general and special damages, in an amount to be determined at trial;[3]

---

[3]    Buttar for Congress and Mr. Buttar reserve the right to seek punitive damages at the appropriate time.

CASE MANAGEMENT STATEMENT

II.       Prejudgment interest;

III.      An order requiring (a) the retraction of all Ms. Croydon's defamatory

          allegations that were published in the *Chronicle*, and (b) a public apology

          from the *Chronicle*.

IV.       An injunction requiring Defendant Hearst to cease engaging in unfair

          competition;

V.        Costs and attorney's fees to the extent provided for by law; and

VI.       All other relief that the Court deems just and equitable.

12.    **Settlement and ADR.**  The Buttar Parties are amenable to mediation, but not to any other form of ADR.

13.    **Consent to Magistrate Judge for All Purposes.**  The Buttar Parties are not amenable to stipulating to a Magistrate Judge.

14.    **Other References.**  The Buttar Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    **Narrowing of Issues.**  The Buttar Parties do not believe that any issues can be narrowed at this time.

16.    **Expedited Trial Procedure.**  The Buttar Parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

17.    **Scheduling.**  The Buttar Parties propose a deadline of Aug. 2, 2022 for designation of experts; June 1, 2023, discovery cutoff; June 15, 2023, last day to file dispositive motions; Sept. 12, 2023, Pretrial Conference; Sept. 26, 2023, Trial.

18.    **Trial.**  The Buttar Parties seek a jury trial, and estimate that it will require 5-7 days.

19.    **Disclosure of Non-Party Interested Entities or Persons.**  The Buttar Parties will file a Certification of Interested Entities or Persons.

20.    **Professional Conduct.**  Counsel for the Buttar Parties has reviewed the

CASE MANAGEMENT STATEMENT

1    Guidelines for Professional Conduct for the Northern District of California.

2    **21.**    The Buttar Parties are not aware of other matters that may facilitate the just,

3    speedy, and inexpensive disposition of this matter.

4

5    **II.    DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**

1.    **Jurisdiction & Service**
6    *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims,*
*whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and,*
7    *if any parties remain to be served, a proposed deadline for service.*

8    The parties believe this Court has appropriate subject matter jurisdiction in this proceeding

9    under 28 U.S.C.§1332 (diversity jurisdiction), and that venue is proper in this judicial district

10    pursuant to 28 U.S.C. §1391.  Defendant has been served.

11

2.    **Facts**
12    *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

13    In July 2020, Plaintiff Shahid Buttar was a candidate for the U.S. House of

14    Representatives, seeking election in the November 2020 general election to California's 12th

15    Congressional District seat.  On July 21, 2020, the San Francisco Chronicle, a Hearst

16    Communications, Inc. newspaper (hereinafter, "Hearst"), published an article reporting on

17    allegations of sexual harassment by Buttar made by a one-time acquaintance of the candidate.

18    The article included a statement from Buttar denying the allegations, and reported on the public

19    reaction to the allegations from some of Buttar's previous political supporters.  On July 24, 2020,

20    Hearst published an article reporting on further public reaction to the allegations, including an

21    open letter from several supporters of Buttar and including interviews from several Buttar

22    supporters.  At or around the same time as Hearst's reporting on the allegations, several other

23    news outlets also reported on the same allegations.

24    Neither Buttar nor his campaign committee demanded a correction of either article

25    published by Hearst.  Nevertheless, on July 20, 2021, Plaintiffs filed this lawsuit alleging they

26    were defamed by Hearst's publication of articles about this matter of public interest about a

27    candidate for elected office.

28    Defendant's full statement of facts and defenses will be set forth in further filings.

3.    **Legal Issues**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The key legal issue in dispute is whether Plaintiff is entitled to recovery for alleged

defamation due to Defendant's publication of news articles regarding allegations of sexual

harassment made against Plaintiff Buttar, then a candidate for federal elected office.

4.    **Motions**
*All prior and pending motions, their current status, and any anticipated motions.*

There are currently no prior or pending motions in this matter.  Defendant anticipates filing a

special motion to strike the Complaint under California's anti-SLAPP statute, Cal. Code Civ. P. §

425.16.

**6.    Evidence Preservation**
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

By signature of their respective counsel below, the Parties hereby certify that they have

reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and

confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable

and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in

this action.  The parties further agree that this is not a document-intensive case where ESI is

expected to be an issue.

7.    **Disclosures**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties agree to serve their respective initial disclosures by no later than December 15,

2021.

8.    **Discovery**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties have not engaged in any discovery to date.  At this time, the parties do not

propose any limitations or modifications of the discovery rules, but each may later ask to raise

CASE MANAGEMENT STATEMENT

that issue with the Court if it becomes necessary.  There are no current discovery disputes.

The parties agree that an e-discovery order is not necessary at this time.  If an e-discovery

order becomes necessary, the parties will submit a proposed order for the Court's approval.

9.     **Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

10.    **Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.

11.    **Relief**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Defendant denies that Plaintiffs are entitled to any relief sought through their Complaint.

Defendant has not alleged any counterclaims against Plaintiff.

12.    **Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Both parties have submitted the ADR Certifications required by L.R. 3-5 indicating that they

wish to discuss ADR plans at the Case Management Conference.

13.    **Consent to Magistrate Judge For All Purposes**
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*     ____ YES    _X___ NO

14.    **Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial

Panel on Multidistrict Litigation.

CASE MANAGEMENT STATEMENT

15. **Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Defendants do not believe there are any issues that can be narrowed at this time.

16. **Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64 Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this is the type of case that can be handled under the Expedited

Trial Procedure of General Order 64 Attachment A.

17. **Scheduling**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| EVENT | PROPOSED SCHEDULE |
|---|---|
| Initial Disclosures | December 15, 2021 |
| Close of fact discovery | August 19, 2022 |

18**. Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried to the court.  The parties estimate the trial will take two to three

days.

19. **Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

Pursuant to L.R. 3-15, Defendant filed a Certification of Interested Entities or Persons on

November 22, 2021.

Defendant certifies that no third parties are funding any claim or counterclaim brought by it in

this action.

CASE MANAGEMENT STATEMENT

1

2   20.    **Professional Conduct**
        *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the*
3   *Northern District of California.*

4        All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct

5   for the Northern District of California.

6   21.    **Other**
             *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*
7
         The parties have no other matters to report at this time.
8

9
     Dated:  November 23, 2021                HEARST CORPORATION
10

11
                                              By:    /s/ Thomas R. Burke
12                                                   THOMAS R. BURKE
                                              Attorney for Defendant
13                                            Hearst Communications, Inc.

14

15    Dated:  November 23, 2021

16
                                              BUSINESS, ENERGY, AND ELECTION
17
                                              LAW, PC
18

19

20                                            By:  /s/ Gautam Dutta

21                                                  GAUTAM DUTTA, ESQ.
                                              Attorneys for Plaintiffs
22
                                              SHAHID BUTTAR FOR CONGRESS
23
                                              COMMITTEE and SHAHID BUTTAR
24

25

26

27

28

CASE MANAGEMENT STATEMENT

1

2

**ATTESTATION**

3

4

I, Gautam Dutta, am the ECF user whose ID and password are being used to file this Joint

5

Case Management Statement.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that

6

Counsel for Defendant Hearst Communications, Inc. has concurred in this filing.

7

8

Dated:  November 23, 2021

9

By:   /s/ Gautam Dutta                            

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT