GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA 94063
Telephone: 415.236.2048
Email: Dutta@BEELawFirm.com
Fax: 213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;<br><br>*Plaintiffs*,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;<br><br>*Defendants*. | CASE NO. 3:21-cv-05566-EMC<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: Mar. 17, 2022, 1:30 pm<br><br>JUDGE: Hon. Edward M. Chen<br>COURTROOM: 5 – 17th Floor |

**I.  Introduction**

Plaintiffs Shahid Buttar for Congress Committee and Shahid Buttar **object to** Defendant Hearst Communications, Inc's Request for Judicial Notice (Dkt. 29), pursuant to *Khoja v. Orexigen Therapeutics, Inc.*[1]

**II.  Applicable Law**

*Judicial Notice.* A court may take judicial notice of a matter "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy

---

[1]  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

OBJECTIONS TO RJN

cannot reasonably be questioned."[2] However, as the Ninth Circuit recently admonished in *Khoja* (a binding case not even mentioned by Defendant),[3] a district court is generally barred from "consider[ing] material outside the pleadings when assessing the sufficiency of a complaint *under Rule 12(b)(6)* of the Federal Rules of Civil Procedure."[4] If material outside the pleadings are "presented and not excluded by the court," a motion to dismiss converts into a Rule 56 motion for summary judgment, where both parties "must have the opportunity to present *all* the material that is pertinent to the motion."[5]

Although judicial notice may be taken of extrinsic documents, the Ninth Circuit has admonished that the "*overuse and improper application* of judicial notice can lead to *unintended and harmful results*" – because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks *premature dismissals of plausible claims* that may turn out to be valid after discovery."[6]

Put another way, "[i]f defendants are permitted to present *their own version of the facts* at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near *impossible* for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."[7]

While it may take judicial notice of "matters of public record", a court "cannot take judicial notice of disputed *facts* contained in such public records."[8] Any request for judicial notice must provide the "*purpose* for which [it] was offered."[9] To that end, a court must be

---

[2] Fed. R. Evid. 201(b).
[3] *See* ABA Model Rule 3.3(a)(2) (counsel has ethical duty to disclose binding authority that is "directly adverse" to client's position).
[4] *Khoja*, 899 F.3d at 998 (italics added).
[5] *Id.* at 998 (italics added).
[6] *Khoja*, 899 F.3d at 998 (italics added).
[7] *Id.* at 999 (italics added).
[8] *Id.* at 999.
[9] *Khoja*, 899 F.3d at 1000 (italics added).

apprised as to which *specific* "fact or facts" for which judicial notice is requested.[10]  Moreover, any such evidence must be relevant[11] and not inflict the opposing party with undue prejudice.[12]

**III.     Legal Analysis**

Plaintiffs object to the **Exhibits A through G** of the Ibarguen Declaration, as follows:

*Exhibit A.*  Plaintiffs object to taking judicial notice of the online version of the July 22, 2020 print article at issue, on three grounds.  *First*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[13]  *Second*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.  *Finally*, Plaintiffs object to the extent that taking judicial notice would imply that the July 22, 2020 print article did not *republish* the defamatory content of its online version (which was published online on the evening of July 21, 2020).[14]

*Exhibit B.*  Similarly, Plaintiffs object to taking judicial notice of the online version of the

---

[10]  *Id.* at 999.
[11]  *E.g.*, *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice because proffered materials were not relevant); *Donastorg. v. Riverside County Sheriff's Dep't*, No. 12-1654, 2014 U.S. Dist. LEXIS 91169, at *6-*7 (C.D. Cal. May 7, 2014) (same); *Chyna v. Bayview Loan Servicing, LLC*, No. 14-cv-01415, 2016 U.S. Dist. LEXIS 133849, at *9 n.3 (same).
[12]  *E.g.*, *Keyes v. Coley*, No. 09-1297, 2011 U.S. Dist. LEXIS 59625, at *8-*9 (E.D. Cal. June 2, 2011) (denying judicial notice on the ground that the proffered evidence was irrelevant, unduly prejudicial, and hearsay); *Cooper v. Redding*, No. 8:15CV441, 2017 U.S. Dist. LEXIS 10942, at *2 (D. Neb. Jan. 26, 2017) (denying judicial notice on the ground that the proffered evidence was unduly prejudicial).
[13]  *See Khoja*, 899 F.3d at 999.
[14]  *See Traditional Cat Assn., Inc. v. Gilbreath*, 118 Cal.App.4th 392, 401 (Cal.Ct.App. 2004) ("repetition of the defamatory statement in a *new edition* of a book or *newspaper* constitutes a *new publication* of the defamation that may give rise to a new cause of action") (italics added); *Yeager v. Bowlin*, 693 F.3d 1076, 1082 (9th Cir. 2012) (defamatory content republished when it is reprinted in a different format, such from hardcover to paperback); *Kanarek v. Bugliosi*, 108 Cal.App.3d 327 (Cal.Ct.App. 1980) (same); *Church of Scientology v. Dell Publishing Co.*, 362 F.Supp. 767, 770 (N.D. Cal. 1973) (same); *Shively v. Bozanich*, 31 Cal.4th 1230, 1243 (Cal. 2003) (same); *Salyer v. Southern Poverty Law Center*, 701 F.Supp.2d 912, 914 (W.D. Ky. 2009) (defamatory material is republished where it has been distributed for a second time "with the goal of reaching a new audience").  *See also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 146 (5th Cir. 2007) (Fifth Circuit notes that if a print article is posted online, it reaches a "new audience") (*citing Firth v. State*, 775 N.E.2d 463, 466 (N.Y. 2002)).

OBJECTIONS TO RJN

July 25, 2020 print article at issue, on four grounds.  *First*, the Complaint neither refers nor provides a hyperlink to the online version of the July 25, 2020 print article.  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[15]  *Third*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.  *Finally*, Plaintiffs object to the extent that it implies that the July 25, 2020 print article did not *republish* the defamatory content of its online version (which was published online on the evening of July 24, 2020).[16]

*Exhibit C*.  Plaintiffs object to taking judicial notice of Mathew S. Bajko's July 21, 2020 article published in the *Bay Area Reporter*, on two grounds.  *First*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[17]  *Second*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit D*.  Plaintiffs object to taking judicial notice of Akela Lacy's July 23, 2020 article published in the *Intercept*, on two grounds.  *First*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[18]  *Second*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit E*.  Plaintiffs object to taking judicial notice of Joe Eskenazi's July 21, 2020 article published in *Mission Local*, on three grounds.  *First*, the article is not relevant, for Plaintiffs' Complaint neither cites nor quotes from Mr. Eskenazi's article.[19]  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[20]  *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

---

[15] *See Khoja*, 899 F.3d at 999.
[16] *See* note 14 *supra*.
[17] *See Khoja*, 899 F.3d at 999.
[18] *See id.* at 999.
[19] *See* note 11 *supra*.
[20] *See Khoja*, 899 F.3d at 999.

OBJECTIONS TO RJN

*Exhibit F*.  Plaintiffs object to taking judicial notice of Tim Redmond's July 21, 2020 article published in *48 Hills*, on three grounds.  *First*, the article is not relevant, for Plaintiffs' Complaint neither cites nor quotes from Mr. Redmond's article.[21]  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[22]  *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit G.*  Plaintiffs object to taking judicial notice of Elizabeth Croydon's self-published *Medium* post from July 21, 2020, on three grounds.  *First*, Ms. Croydon's self-published post, which contains the allegations of sexual harassment at issue, does not qualify under FRE 201 – because her self-published post is not a source "whose accuracy cannot reasonably be questioned".  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.[23]  *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

## IV. Conclusion

*If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief.*

-- Ninth Circuit, *Khoja v. Orexigen Therapeutics, Inc.*[24]

As we have shown, Defendant has failed to show why Exhibits A through G of the Ibarguen Declaration should be judicially noticed or incorporated by reference.  Accordingly, Defendant's infirm Request must be **denied** as to those documents, and any part of its papers relying on such barred evidence must be **disregarded.**

---

[21]  *See* note 11 *supra*.
[22]  *See Khoja*, 899 F.3d at 999.
[23]  *See id.* at 999.
[24]  *Id.* at 999 (italics added).

DATED:  Jan. 25, 2022

BUSINESS, ENERGY, AND ELECTION LAW, PC


By:  /s/ Gautam Dutta

GAUTAM DUTTA, ESQ.

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR