GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA  94063
Telephone:  415.236.2048
Email:  Dutta@BEELawFirm.com
Fax:  213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;<br><br>*Plaintiffs*,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;<br><br>*Defendants*. | CASE NO.:  3:21-cv-05566-EMC<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Date:  Mar. 17, 2022, 1:30 pm<br><br>JUDGE:  Hon. Edward M. Chen |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

The Parties hereby submit the following 26(f) Report and Case Management Conference Statement:

1.  **Jurisdiction and Service.**
    *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

    The parties agree that this Court has appropriate subject matter jurisdiction in this proceeding under 28 U.S.C.§1332 (diversity jurisdiction). The parties further agree that venue is proper in this judicial district pursuant to 28 U.S.C.

§1391.  The parties also agree that there are no issues with respect to personal jurisdiction as to Hearst.  Defendant Hearst has been served.

2. **Facts**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

*Buttar Plaintiffs:*

*Profile of Mr. Buttar.*  Plaintiff Shahid Buttar is a constitutional lawyer, legal advocate, nonprofit leader, community organizer, poet, and musician.

An early advocate for LGBTQ marriage equality and a longtime advocate for civil liberties, Mr. Buttar worked over the previous 15 years for nonprofit organizations including the Electronic Frontier Foundation (EFF), Bill of Rights Defense Committee (now known as Defending Rights and Dissent), Muslim Advocates, and the American Constitution Society (ACS).

A British immigrant of Pakistani descent, Mr. Buttar grew up in the Midwest.  He first came to the Bay Area in 2000 to study law at Stanford Law School, from which he received his law degree in 2003.  In 2020, Mr. Buttar became the first Democrat to challenge U.S. House of Representatives Speaker Nancy Pelosi in a general election.

*Defendant Hearst's Wrongdoing.*  On July 22, 2020, the San Francisco *Chronicle* published an article (the "Article") in its print edition.  The Article contained a false allegation, made by a person named Elizabeth Croydon in a self-published essay, that Mr. Buttar had committed sexual harassment.

The *Chronicle* published the Article after refusing to contact individuals who would have provided details of Ms. Croydon's history of lobbing false allegations against a federal candidate and other political activists.

For example, according to Dr. Margaret Flowers, M.D., Ms. Croydon falsely accused Dr. Flowers' husband Kevin Zeese of sexual assault in 2006, the same year he was a Maryland candidate for the U.S. Senate.

On July 23, 2020 (one day after the Article was published), the *Intercept*

covered Ms. Croydon's allegations – and expressly stated that a number of individuals had questioned Ms. Croydon's credibility: "The *Intercept* has spoken to several people who recounted having disturbing interactions with Croydon that caused them to question her credibility."[1]

The next day (July 24, 2020), the *Independent Political Report* published an open letter, in which 17 individuals expressed deep concern regarding Ms. Croydon's credibility and described her history of false allegations against political activists.[2]

The next day (July 25, 2020), the *Chronicle* published a follow-up piece (the "Follow Up Piece") regarding Ms. Croydon's allegations. Although it quoted individuals who defended Mr. Buttar's ethics and integrity, the Follow-Up Piece was misleading in two major ways. *First*, it portrayed those individuals as Mr. Buttar's friends, when they are fiercely independent political activists.

*Second*, even though the reporter (Joe Garofoli) had been apprised that Ms. Croydon had a long history of false accusations against political activists, the Follow-Up Piece failed to disclose that highly relevant history to *Chronicle* readers.

As a direct result of the *Chronicle*'s publication of Ms. Croydon's false allegation, Mr. Buttar and his campaign were inflicted with grievous harm to their reputations. The false allegations in the Article recklessly and unjustly smeared Mr. Buttar's ethics and integrity, harmed his professional livelihood and personal relationships, slashed his speaking and writing opportunities, and gravely damaged the public's perception of his fitness to hold political office.

---

[1] Akela Lacy, *Intercept*, July 23, 2020 "Shahid Buttar's Bid to Unseat Nancy Pelosi Roiled by Staff Mistreatment", *available at* https://theintercept.com/2020/07/23/shahid-buttar-campaign-allegations/ (last visited July 17, 2021).

[2] "DC Activists Support Shahid Buttar, Call Accuser Troubled Person with History of Accusations" (italics added), *Independent Political Report*, July 24, 2020, *available at* https://independentpoliticalreport.com/2020/07/dc-activists-support-shahid-buttar-call-accuser-troubled-person-with-history-of-false-accusations/ (last visited July 17, 2021).

*Defendant Hearst:*

In July 2020, Plaintiff Shahid Buttar was a candidate for the U.S. House of Representatives, seeking election in the November 2020 general election to California's 12th Congressional District seat. On or about July 21, 2020, Buttar was at the center of a public controversy about his character after an acquaintance published an essay on the website *Medium* alleging that Buttar sexually harassed her decades earlier. The allegations were quickly and widely discussed, and led some political groups and politicians that had previously endorsed Buttar's candidacy to publicly reconsider their support in light of the allegations. Buttar, too, entered the public discourse about this matter of public interest, denying the allegations and expressing a hope that he would have an opportunity to be heard. In the wake of these events, several news publications, including the *San Francisco Chronicle*, a Hearst Communications, Inc. newspaper (hereinafter, "Hearst"), reported on this matter of significant public interest to voters. Hearst's reporting fairly and accurately informed the public on the nature of the controversy, the substance of the allegations against Buttar, Buttar's denial of those allegations, and the responses and actions undertaken by some of Buttar's supporters in response to the allegations. Hearst published two articles regarding this public controversy, the first on July 21, 2020, and the second on July 24, 2020.

Plaintiffs failed to serve a timely demand for correction consistent with the requirements of California Civil Code § 48a. Nevertheless, on July 20, 2021, Plaintiffs filed this lawsuit alleging they were each defamed by Hearst's publication of "an article containing a false allegation that Congressional candidate Shahid Buttar had committed sexual harassment." Compl. ¶ 2.

Defendant's full statement of facts and defenses is more fully set forth in its Motion to Dismiss and Motion to Strike, ECF No. 27.

1  **3.  Legal Issues.**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

*Buttar Plaintiffs:*

In its papers, Defendant Hearst disputes the entirety of the Buttar Plaintiffs' claims for (1) Defamation at Common Law and Cal. Civ. Code §45 (Libel), and (2) Violation of Cal. Bus. & Prof. Code §§17200, et seq.

*Defendant Hearst:*

Hearst asserts that Plaintiffs are not entitled to recovery for alleged defamation due to Hearst's publication of news articles regarding allegations of sexual harassment made against Plaintiff Buttar. Hearst further argues that Plaintiffs cannot satisfy their burden of proving that the Hearst acted with actual malice in reporting on these matters of public interest regarding a candidate for federal elected office. Hearst further argues that Plaintiffs cannot satisfy their burden of proving that they complied with California's correction statute, California Civil Code § 48a.

**4.  Motions.**
*All prior and pending motions, their current status, and any anticipated motions.*

On Dec. 2, 2022, Defendant filed a special motion to strike the Complaint under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16 and Fed. R. Civ. P. 12(b)(6). That motion has been full briefed and is scheduled to be heard by the Court on March 17, 2022.

Plaintiffs reserve the right to file all appropriate motions and seek all appropriate relief from the Court.

**5.  Amendment of Pleadings.**
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

*Buttar Plaintiffs:*

The Buttar Parties reserve the right to seek leave to amend their Complaint.

*Defendant Hearst:*

Hearst maintains that the deficiencies with Plaintiffs' claims cannot be cured through amendment and that any request for leave to amend the Complaint would be futile and should be denied.

6. **Evidence Preservation.**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

By signature of their respective counsel below, the Parties hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures.**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The Parties exchanged their respective initial disclosures.

8. **Discovery.**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

*Buttar Plaintiffs:*

The Buttar Parties have propounded discovery. Currently, the Parties are meeting and conferring regarding Defendant Hearst's responses to the Buttar Plaintiff's discovery requests. If the Parties are unable to resolve their differences, the Buttar Parties will request the Court's intercession pursuant to the Court's Civil Standing Order on Discovery. At the Case Management Conference, the Buttar Parties will apprise the Court on the status of the meet-and-confer discussions.

*Defendant Hearst:*

On January 18, 2022, while Defendant's Motion to Strike and Motion to

Dismiss was pending, Plaintiff Shahid Buttar served a first set of Interrogatories and first set of Document Requests on Defendant Hearst. Hearst served responses and objections to these discovery demands on February 17, 2022. The parties are meeting and conferring on Hearst's responses to Plaintiff Buttar's discovery requests. At this time, the parties do not propose any limitations or modifications of the discovery rules, but each may later ask to raise that issue with the Court if it becomes necessary. There are no current discovery disputes.

**9.  Class Actions.**
*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

**10.  Related Cases.**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

To the Parties' knowledge, there are currently no related cases or proceedings.

**11.  Relief.**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

*Buttar Plaintiffs:*

As set forth in their Complaint, the Buttar Parties seek the following relief:

I.  Damages, including general and special damages, in an amount to be determined at trial;[3]

II.  Prejudgment interest;

III.  An order requiring (a) the retraction of all Ms. Croydon's defamatory allegations that were published in the *Chronicle*, and (b) a public apology from the *Chronicle*.

IV.  An injunction requiring Defendant Hearst to cease engaging in unfair competition;

---

[3]  Buttar for Congress and Mr. Buttar reserve the right to seek punitive damages at the appropriate time.

1          V.      Costs and attorney's fees to the extent provided for by law; and

2    VI.      All other relief that the Court deems just and equitable.

*Defendant Hearst:*

Hearst denies that Plaintiffs are entitled to any relief sought through their Complaint. Hearst has not alleged any counterclaims against Plaintiffs.

**12. Settlement and ADR.**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Both parties have previously submitted the ADR Certifications required by L.R. 3-5 indicating that they wish to discuss ADR plans at the Case Management Conference. The Buttar Plaintiffs are amenable to mediation or a settlement conference held by a Magistrate Judge, but not to any other form of ADR; *provided that* there has been a resolution to the Parties' ongoing meet-and-confer discussions regarding Defendant Hearst's discovery responses.

**13. Consent to Magistrate Judge for All Purposes.**
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES   _X___ NO

**14. Other References.**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties do not believe that any issues can be narrowed at this time.

**16. Expedited Trial Procedure.**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**17.** **Scheduling.**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

*Buttar Plaintiffs:*

The Buttar Plaintiffs propose a deadline of Sept. 2, 2022 for designation of experts; June 1, 2023, discovery cutoff; June 15, 2023, last day to file dispositive motions; Sept. 12, 2023, Pretrial Conference; Sept. 26, 2023, Trial.

*Defendant Hearst:*

Hearst proposes the following scheduling dates: June 3, 2022, discovery cutoff; July 15, 2022, last day to file dispositive motions; Oct. 25, 2022, Pretrial Conference; Nov. 21, 2022, Trial.

**18.** **Trial.**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

*Buttar Plaintiffs:*

The Buttar Plaintiffs seek a jury trial, and estimate that it will require 5-7 days.

*Defendant Hearst:*

Defendant Hearst estimates the trial would require two to three days, and would not object to trying the case to the court.

**19.** **Disclosure of Non-Party Interested Entities or Persons.**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

The Parties have filed a Certification of Interested Entities or Persons pursuant to L.R. 3-15.

**20.** **Professional Conduct.**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

*21.* **Other Issues.**

The Parties have no other matters to report at this time.

Dated: Mar. 10, 2022					HEARST CORPORATION


							By:	/s/ Diego Ibarguen
								DIEGO IBARGUEN
							Attorney for Defendant
							Hearst Communications, Inc.


Dated: Mar. 10, 2022					HEARST CORPORATION


							By:	/s/ Thomas R. Burke
								THOMAS R. BURKE
							Attorney for Defendant
							Hearst Communications, Inc.

Dated: Mar. 10, 2022

                                        BUSINESS, ENERGY, AND ELECTION LAW, PC

                                        By:  /s/ Gautam Dutta

                                                GAUTAM DUTTA, ESQ.
Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR

- 11 -

CASE MANAGEMENT STATEMENT

**ATTESTATION**

I, Gautam Dutta, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Counsel for Hearst Communications, Inc. has concurred in this filing.

Dated: Mar. 10, 2022

By: /s/ Gautam Dutta