| | |
|---|---|
| 1 | THOMAS R. BURKE (CA State Bar No. 141930) |
|   |    thomasburke@dwt.com |
| 2 | DAVIS WRIGHT TREMAINE LLP |
|   | 505 Montgomery Street, Suite 800 |
| 3 | San Francisco, California 94111-6533 |
|   | Telephone: (415) 276-6500 |
| 4 | Facsimile: (415) 276-6599 |
| 5 | JONATHAN R. DONNELLAN |
|   |    jdonnellan@hearst.com (*pro hac vice*) |
| 6 | DIEGO IBARGUEN |
|   |    dibarguen@hearst.com (*pro hac vice*) |
| 7 | HEARST CORPORATION |
|   | 300 W. 57th Street, 40th Floor |
| 8 | New York, New York 10019 |
|   | Telephone: (212) 841-7000 |
| 9 | Facsimile: (212) 554-7000 |
| 10 | Attorneys for Defendant |
|    | HEARST COMMUNICATIONS, INC. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HEARST COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 3:21-cv-05566-EMC <br><br> **DEFENDANT HEARST COMMUNICATIONS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) AND SPECIAL MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO THE CALIFORNIA CIVIL CODE OF PROCEDURE** <br><br> Date:     December 1, 2022 <br> Time:     1:30 p.m. <br> Place:     Courtroom 5, 17th Floor |

1    Defendant Hearst Communications, Inc. ("Hearst") requests that the Court take judicial
2    notice of: two news articles published by Hearst, both of which are repeatedly referenced in the
3    First Amended Complaint (the "FAC") as forming the basis of Plaintiffs' claims against Hearst
4    (collectively, the "Hearst Articles") (attached as Exhibits A-B to the concurrently filed
5    Declaration of Diego Ibarguen ("Ibarguen Declaration"); four news articles published by other
6    news outlets reporting on the same underlying public controversy reported on in the Hearst
7    Articles, all of which are referenced in Plaintiffs' FAC (collectively, the "Other News Articles")
8    (attached as Exhibits C-F to the Ibarguen Declaration); an essay published on the website
9    *Medium* and titled, "Shahid Buttar Repeatedly Sexually Harassed Me," by Elizabeth Croydon,
10   which Plaintiffs identify in the FAC as the source of the allegations at the center of their claims
11   in the FAC (attached as Exhibit G to the Ibarguen Declaration); an open letter published by
12   supporters of Plaintiff Shahid Buttar on the website *Independent Political Report*, which the
13   FAC repeatedly references and relies on to support its claims against Hearst (attached as Exhibit
14   H to the Ibarguen Declaration); and an email thread containing several communications
15   referenced in the FAC between Buttar Campaign representatives and employees of the *San*
16   *Francisco Chronicle*, including an email sent by Buttar Campaign representative Patricia Brooks
17   at 5:44 a.m., July 22, 2020, to Joe Garofoli, and a subsequent exchange on July 22, 2020,
18   between Brooks and John Diaz (attached as Exhibit I to the Ibarguen Declaration).
19   The Court previously took judicial notice of each of these documents in connection with
20   Hearst's motion to dismiss and special motion to strike Plaintiffs' original Complaint.  ECF No.
21   39 n.1.  Because Plaintiff's First Amended Complaint incorporates by reference the same
22   documents, Hearst requests that the Court again take judicial notice of these same records.  In
23   ruling on Hearst's motion to dismiss and special motion to strike Plaintiffs' First Amended
24   Complaint, the Court may consider materials explicitly or implicitly referred to in the FAC.
25   *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts may take judicial
26   notice of all "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to
27   the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the
28   authenticity of the document."); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (Rule

12 motion properly granted by considering web pages referred to in complaint and attached to defendants' motion); *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1099 (S.D. Cal. 2015) ("[I]f [a] plaintiff refers extensively to [a] document or the document forms the basis of the plaintiff's claim," the court may consider the document at the motion-to-dismiss stage, deeming it incorporated into the complaint (citation omitted)).

Exhibit A is copy of the online version of the news article identified in the FAC as "The Defamatory *Chronicle* Article" and the "*Chronicle*'s Original Piece." *See, e.g.*, FAC ¶ 16. Plaintiffs provide a hyperlink to this article, (FAC ¶ 16 n.2) and refer expressly to it throughout the FAC as one of two articles published by Hearst which they allege defamed them. *See, e.g.*, FAC ¶¶ 17, 21, 55-57, 59, 97, 100.

Exhibit B is copy of the online version of the news article identified in the FAC as the "Follow-Up Piece", and is identified by Plaintiffs as the second of two articles published by Hearst which they allege defame them. *See, e.g.*, FAC ¶¶ 44-51, 99-100.

Exhibits C through F are news articles referred to throughout the FAC as reflecting other news coverage of the underlying public controversy reported on in the Hearst Articles. Some are identified by Plaintiffs with hyperlinks and are quoted in the FAC (*see, e.g.*, FAC ¶¶ 28-29, 40, 42-43), while others are news articles published on the same date as Hearst's Articles by news outlets explicitly identified by Plaintiffs as having "published their own stories that referenced Ms. Croydon's false allegations." FAC ¶ 58.

Exhibit G is a copy of the essay published by Elizabeth Croydon on the website Medium, which is explicitly identified by Plaintiffs, together with a hyperlink, and which Plaintiffs identify as the original source of allegations at the center of the public controversy reported on in the Hearst Articles and the Other News Articles. FAC ¶ 17 n.3.

Exhibit H is a copy of an open letter published by supporters of Plaintiff Buttar on the website *Independent Political Report*, which is explicitly identified by Plaintiffs, together with a hyperlink, and which the FAC quotes. FAC ¶ 41 n.10.

Exhibit I is a copy of a complete email thread that includes an email sent by Buttar for Congress representative Patricia Brooks to *San Francisco Chronicle* reporter Joe Garofoli at

5:44 a.m. on July 22, 2020, which Plaintiffs allege contained a demand for correction of a Hearst article. FAC ¶¶ 30-31. The email thread also includes a subsequent exchange between Brooks and former San Francisco Chronicle Editorial Page editor John Diaz, which Plaintiffs allege satisfied their burden of providing notice of a demand for correction. FAC ¶¶ 33-35.

As the Court previously found in connection with Hearst's motion to dismiss and special motion to strike Plaintiffs' original Complaint, these exhibits are collectively subject to judicial notice. Exhibits A through I are incorporated by reference in the First Amended Complaint, and Plaintiffs rely on them as the basis of their claims. The authenticity of each document is beyond dispute. Considering them at the motion-to-dismiss stage will not expand the scope of pleaded facts, but rather, will aid the Court in evaluating the allegations already pleaded.

DATED: September 23, 2022

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

THE HEARST CORPORATION
JONATHAN R. DONNELLAN (*pro hac vice*)
DIEGO IBARGUEN (*pro hac vice*)

By:  /s/ Diego Ibarguen

*Attorneys for Defendant Hearst Communications, Inc.*