1  GAUTAM DUTTA (State Bar No. 199326)
   BUSINESS, ENERGY, AND ELECTION LAW, PC
2  1017 El Camino Real # 504
   Redwood City, CA  94063
3  Telephone:  415.236.2048
   Email:  Dutta@BEELawFirm.com
4  Fax:  213.405.2416

5  Attorneys for Plaintiffs
   SHAHID BUTTAR FOR CONGRESS COMMITTEE and
6  SHAHID BUTTAR

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | SHAHID BUTTAR FOR CONGRESS            | CASE NO. 3:21-cv-05566-EMC
   | COMMITTEE and SHAHID BUTTAR, an
12 | individual;
                                           | **PLAINTIFFS' REQUEST FOR JUDICIAL
13 |           *Plaintiffs*,                | NOTICE IN OPPOSITION TO
                                           | DEFENDANT'S MOTION TO
14 |     vs.                                | DISMISS AND SPECIAL
                                           | MOTION TO STRIKE**
15 | HEARST COMMUNICATIONS, INC., a
   | Delaware corporation; and DOES 1      | Hearing Date:  Dec. 15, 2022, 1:30 pm
16 | through 5;
17 |           *Defendants*.                | JUDGE: Hon. Edward M. Chen
                                           | COURTROOM:  5 – 17th Floor
18

19
        Plaintiffs respectfully ask that judicial notice be taken of the following three documents,
20
   which have been attached as Exhibits to the accompanying Dutta Declaration:
21
22      Exhibit No.          Document Description

23         1                 Joe Garofoli's article (the "Original Article"), entitled
                             "Pelosi's foe denies sex-harass allegation; Shahid Buttar,
24                           Nancy Pelosi's opponent, accused of sexual harassment",
                             that was published in the print edition of the July 22, 2020
25                           *San Francisco Chronicle*

26         2                 Joe Garofoli's article, entitled "Activists defend accused
                             Pelosi rival; Longtime activists defend Pelosi foe Shahid
27                           Buttar against sex harassment allegations", that was
                             published in the print edition of the July 25, 2020 *San
28

                                                                                              RJN

*Francisco Chronicle*

3      Akala Lacy's article regarding Plaintiff Shahid Buttar and his campaign, that was published on Sept. 25, 2020 in the *Intercept*

*Exhibit 1.* As Exhibit 1 shows, the *San Francisco Chronicle* (a) republished, in its July 22, 2020 print edition, the defamatory content of Mr. Garofoli's July 21, 2020 online article; and (b) neither included nor reflected any interviews of any individuals, whose interviews were proffered by Mr. Buttar's campaign, who could have told Mr. Garofoli that Elizabeth Croydon had made false claims about other people in the past.

*Exhibit 2.* As Exhibit 2 shows, the *San Francisco Chronicle* (a) republished, in its July 25, 2020 print edition, the defamatory content of Mr. Garofoli's July 24, 2020 online article; and (b) neither included nor reflected any interviews of any individuals, whose interviews were proffered by Mr. Buttar's campaign, who could have told Mr. Garofoli that Elizabeth Croydon had made false claims about other people in the past.

*Exhibit 3.* Exhibit 3 reveals three highly relevant sets of facts. *First*, had it taken the time to *investigate* Ms. Croydon's allegations regarding Mr. Buttar – and had it interviewed Ms. Croydon, Mr. Buttar, and people who knew them – the *San Francisco Chronicle* (1) would have obtained critical information regarding Ms. Croydon's credibility, and (1) would have *not* been able to corroborate Ms. Croydon's allegations. Indeed, in the Sept. 25, 2020 article attached as Exhibit 3, the *Intercept* stated that it "was **not** able to corroborate Croydon's allegations and has interviewed multiple sources who recounted having disturbing interactions with her that *caused them to question her credibility*."[1]

*Second*, based on its follow-up investigation, the *Intercept* updated its original, July 23, 2020 article with an "editor's note" in a prominent location. Moreover, after Plaintiffs filed their lawsuit, the *Intercept* changed the Sept. 25, 2020 article's title: from "Shahid Buttar's Bid to Unseat Nancy Pelosi Roiled by Staff Mistreatment" to "Progressives Wrestle With How to Address Allegations of Mistreatment in San Francisco Race".

---

[1]    Italics and bold print added.

The Court may take judicial notice of any fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[2] Toward that end, a court must take judicial notice if requested by a party and supplied with the necessary information.[3] The Court may take judicial notice of news articles.[4]

Because Exhibits 1 through 3 consist of news articles, the Court may take judicial notice of them. Plaintiffs respectfully ask the Court to take judicial notice of Exhibits 1 through 3.

DATED: Oct. 21, 2022

BUSINESS, ENERGY, AND ELECTION LAW, PC

By: /s/ Gautam Dutta

GAUTAM DUTTA, ESQ.

Attorneys for Plaintiffs

SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR

---

[2] Federal Rule of Evidence §201(b).
[3] *Id.* §201(b); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).
[4] *E.g.*, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999).