GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA 94063
Telephone: 415.236.2048
Email: Dutta@BEELawFirm.com
Fax: 213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;<br><br>*Plaintiffs*,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;<br><br>*Defendants*. | CASE NO. 3:21-cv-05566-EMC<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: Dec. 15, 2022, 1:30 pm<br><br>JUDGE: Hon. Edward M. Chen<br>COURTROOM: 5 – 17th Floor |

Plaintiffs hereby **object to** Defendant's Request for Judicial Notice. As the Ninth Circuit recently admonished in *Khoja v. Orexigen Therapeutics, Inc.*, a district court is generally barred from "consider[ing] material outside the pleadings when assessing the sufficiency of a complaint under *Rule 12(b)(6)* of the Federal Rules of Civil Procedure."[1] Although judicial notice may be taken of extrinsic documents, the Ninth Circuit has admonished that the "*overuse and improper application* of judicial notice can lead to *unintended and harmful results*".[2]

---

[1] *Khoja*, 899 F.3d at 998 (italics added).
[2] *Id.* at 998 (italics added).

While it may take judicial notice of "matters of public record", a court "cannot take judicial notice of disputed *facts* contained in such public records."[3]  Any request for judicial notice must provide the "*purpose* for which [it] was offered."[4]  To that end, a court must be apprised as to which *specific* "fact or facts" for which judicial notice is requested.[5]  Moreover, any such evidence must be relevant[6] and not inflict the opposing party with undue prejudice.[7]

Plaintiffs object to **Exhibits A through G** of the Ibarguen Declaration, as follows:

*Exhibits A-C & I*.  Plaintiffs object to taking judicial notice of Exhibits A through C and I on two grounds.  *First*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.  *Second*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit E*.  Plaintiffs object to taking judicial notice of Joe Eskenazi's July 21, 2020 article published in *Mission Local*, on three grounds.  *First*, the article is not relevant, for Plaintiffs' Complaint neither cites nor quotes from Mr. Eskenazi's article.  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.  *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit F*.  Plaintiffs object to taking judicial notice of Tim Redmond's July 21, 2020 article published in *48 Hills*, on three grounds.  *First*, the article is not relevant, for Plaintiffs' Complaint neither cites nor quotes from Mr. Redmond's article.  *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice.  *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

*Exhibit G*.  Plaintiffs object to taking judicial notice of Elizabeth Croydon's self-published

---

[3] *Id.* at 999.
[4] *Khoja*, 899 F.3d at 1000 (italics added).
[5] *Id.* at 999.
[6] *E.g.*, *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010).
[7] *E.g.*, *Keyes v. Coley*, 2011 U.S. Dist. LEXIS 59625, at *8-*9 (E.D. Cal. June 2, 2011).

*Medium* post from July 21, 2020, on three grounds. *First*, Ms. Croydon's self-published post, which contains the allegations of sexual harassment at issue, does not qualify under FRE 201 – because her self-published post is not a source "whose accuracy cannot reasonably be questioned". *Second*, Defendant fails to apprise the Court as to which *specific* "fact or facts" for which it seeks judicial notice. *Finally*, Plaintiffs object to the extent that Defendant seeks judicial notice of disputed facts.

Accordingly, Defendant's infirm Request must be **denied** as to the foregoing documents, and any part of its papers relying on such barred evidence must be **disregarded.**

DATED:  Oct. 21, 2022

                                          BUSINESS, ENERGY, AND ELECTION LAW, PC

                                          By:  /s/ Gautam Dutta

                                                    GAUTAM DUTTA, ESQ.

                                          Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR