SAHAR F. AZIZ (admitted *pro hac vice*)
Texas State Bar No. 24045429
sahar.aziz@law.rutgers.edu
TRAVIS GASPER (admitted *pro hac vice*)
Texas State Bar No. 24096881
travis.gasper@rutgers.edu
THE CENTER FOR SECURITY, RACE AND RELIGION
RUTGERS LAW SCHOOL
123 Washington Street
Newark, New Jersey 07102
(973) 353-2591

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.: 3:21-cv-05566-EMC<br>_____<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* THE CENTER FOR SECURITY, RACE AND RELIGION AT RUTGERS LAW SCHOOL**<br><br>Hearing Date: December 15, 2022<br>Time: 1:30 p.m.<br>Place: via videoconference |

The Center for Security, Race and Religion ("CSRR") at Rutgers Law School, through undersigned counsel, respectfully moves for leave to submit a brief as *amicus curiae* in opposition to Defendant Hearst Communications, Inc.'s Motion to Dismiss and Special Motion to Strike Plaintiffs' First Amended Complaint (*see* Dkt. No. 47). A copy of the proposed brief is attached as Exhibit A to this motion and includes a statement of CSRR's interest in this matter. CSRR respectfully submits that the proposed *amicus curiae* brief will assist the Court in addressing the merits of Plaintiffs' claims and Defendant's pending motion to dismiss.

## INTEREST OF *AMICUS CURIAE*

The Center for Security, Race and Rights ("CSRR") at Rutgers Law School engages in research, education, and advocacy on law and policy that adversely impact the civil and human

MOTION FOR LEAVE TO FILE *AMICUS* BRIEF, NO. 3:21-cv-05566-EMC         PAGE 1

rights of America's diverse Muslim, Arab, and South Asian communities through an interfaith, cross-racial, and interdisciplinary approach. CSRR's work encompasses three themes: the contemporary and historical intersection of race and religion in the United States; criminalization of Muslim identity through United States and global national security laws and policies; and transnational rights and security arising from relations between the United States and Muslim majority countries.[1]

## ARGUMENT

### A. Standard for Filing an *Amicus* Brief in the Northern District of California

"There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California ex rel. Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted). The "classic role of amicus curiae is to assist a court in a case of public interest by supplementing the efforts of counsel . . . ." *California ex rel. Becerra*, 381 F. Supp. 3d at 1163–64. "[W]hether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have exercised great liberality in permitting amicus briefs." *Id.* at 1164; *see also Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020).

### B. The Proposed *Amicus* Brief Offers a Unique Perspective Not Available from the Parties and Will Aid the Court in Evaluating the Public Interest Impact at Stake

---

[1] *See Our Mission*, THE CENTER FOR SECURITY, RACE AND RELIGION, RUTGERS LAW SCHOOL, *available at* https://csrr.rutgers.edu/about/our-mission/.

The proposed amicus brief will assist the Court in evaluating the merits of Plaintiffs' claims and Defendant's pending motion to dismiss. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quotation marks omitted)). CSRR is well-positioned to provide its unique perspective to assist the Court in evaluating the merits of Plaintiffs' claims and Defendant's motion to dismiss, including the public interest in a pluralistic and equitable nation that provides equal opportunity for minorities to run for political office without facing fallacious and racist attacks disproportionately targeted at them.

No party would be prejudiced by the filing of this amicus brief. This brief is being filed in time for all parties to respond.

## CONCLUSION

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted. The proposed amicus brief is attached as Exhibit A. Pursuant to Civil L.R. 7-2(c), a copy of the proposed order pertaining to this motion is attached.

DATED: October 27, 2022          Respectfully submitted,

**THE CENTER FOR SECURITY, RACE AND RELIGION—RUTGERS LAW SCHOOL**

By: */s/ Sahar F. Aziz*
**SAHAR F. AZIZ** (admitted *pro hac vice*)
Texas State Bar No. 24045429
sahar.aziz@law.rutgers.edu
**TRAVIS GASPER** (admitted *pro hac vice*)
Texas State Bar No. 24096881
travis.gasper@rutgers.edu
123 Washington Street
Newark, New Jersey 07102
(973) 353-2591

# CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: October 27, 2022        By: */s/ Sahar F. Aziz*
                    SAHAR F. AZIZ