GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA  94063
Telephone:  415.236.2048
Email:  Dutta@BEELawFirm.com
Fax:  213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual; <br><br> *Plaintiffs*, <br><br> vs. <br><br> HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5; <br><br> *Defendants*. | CASE NO. 3:21-cv-05566-EMC <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REPLY EVIDENCE** <br><br> Hearing Date:  Dec. 15, 2022, 1:30 pm <br><br> JUDGE: Hon. Edward M. Chen <br> COURTROOM:  5 – 17th Floor |

**I.     Introduction**

Plaintiffs Shahid Buttar for Congress Committee and Shahid Buttar **object** to Defendant Hearst Communications, Inc's improper reply evidence, proffered by way of the Nov. 14, 2022 Declaration of Diego Ibarguen (Dkt. 60, "Ibarguen Declaration").

**II.    Legal Analysis**

The entirety of the Ibarguen Declaration must be disregarded, for it improperly and belatedly proffers evidence that Hearst could and should have proffered in its Sept. 23, 2022 Moving Papers.  "The reply brief is *not intended* to be the brief that shows for the first time the

movant's evidentiary support for the relief sought in the movant's opening brief.[1]  Indeed, this Court has excluded a reply declaration because it "contain[ed] new evidence … that *could have been included* with … [the opening] motion."[2]

Here, Hearst improperly and belatedly proffers evidence that could and should have been included with its Moving Papers.  Specifically, the Ibarguen Declaration proffers certain email correspondence from July 2020.  There is no reason why that correspondence – which, as Mr. Ibarguen himself admits, was discussed by the operative *complaint*[3] – could not have been presented as part of Hearst's Moving Papers.

## III. Conclusion

Because Hearst improperly and belatedly proffers reply evidence, the entirety of the Ibarguen Declaration and any part of Hearst's papers relying on such barred evidence must be summarily **disregarded.**

---

[1]  *Mercado v. Sandoval, Inc.*, No. 2:08-cv-02648-GEB-EF, 2009 WL 2031715, at *1 (E.D. Cal. July 9, 2009) (italics added).

[2]  *In re Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016 WL 6277245, at *14 (N.D. Cal. Oct. 27, 2016) (italics added); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

[3]  Nov. 14, 2022 Ibarguen Decl. ¶2.

DATED:  Nov. 21, 2022

                    BUSINESS, ENERGY, AND ELECTION LAW, PC


                    By:  /s/ Gautam Dutta

                          GAUTAM DUTTA, ESQ.

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR