THOMAS R. Burke (CA State Bar No. 141930)
  thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

JONATHAN R. DONNELLAN
  jdonnellan@hearst.com (*pro hac vice*)
DIEGO IBARGUEN
  dibarguen@hearst.com (*pro hac vice*)
HEARST CORPORATION
300 W. 57th Street, 40th Floor
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000

Attorneys for Defendant
HEARST COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HEARST COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 3:21-cv-05566-EMC <br><br> **DECLARATION OF THOMAS R. BURKE IN SUPPORT OF DEFENDANT HEARST COMMUNICATIONS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> **[Cal. Civ. Proc. Code § 425.16]** <br><br><br> Judge: Hon. Edward M. Chen <br> Date: April 6, 2023 <br> Time: 1:30 p.m. <br> Place: Courtroom 5, 17th Floor |

# DECLARATION OF THOMAS R. BURKE

I, THOMAS R. BURKE, declare:

1.      I am a partner with Davis Wright Tremaine LLP ("DWT"), outside counsel for Defendant Hearst Communications, Inc. ("Hearst") in this matter.  I am admitted to appear before this Court and all state and federal courts in California. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called as a witness. I submit this declaration in support of Hearst's Motion for Attorneys' Fees and Costs ("Fees Motion") pursuant to Section 425.16(c) of the California Code of Civil Procedure (the "anti-SLAPP Statute").

2.      DWT is a national law firm of more than 550 lawyers. The firm is annually recognized by *Chambers USA*, *Best Lawyers in America*, *U.S. News & World Report* and others nationally and in California for its First Amendment, media, and public records litigation practice.  DWT is based in Seattle, and has two California offices in San Francisco and Los Angeles.  DWT has a number of other offices, including offices in New York City and Washington, D.C.

3.      As a practicing California media lawyer, a current member of my law firm's Executive Committee and the current chair of the firm's compensation committee, the former co-chair of DWT's national media practice (2013–2017), and as someone who, on a daily basis, systematically reviews court rulings involving anti-SLAPP litigation in California and across the nation, I am familiar with rates charged by other comparable firms in the Bay Area and California with attorneys who focus on media, First Amendment, and anti-SLAPP litigation. Based on my knowledge of the Bay Area legal market, the hourly rates charged by Davis Wright Tremaine are well within the range of rates charged by comparable firms, if not lower than many.  These rates and the total hours associated with representing Hearst in connection with the successful anti-SLAPP motion are particularly reasonable in light of the respective professionals' experience, skills, and reputations and the outcome that was achieved for Hearst in this litigation.

4.     Further, the rates being sought by Hearst in this motion are particularly reasonable because they reflect a decades-long relationship between Davis Wright Tremaine and Hearst and are substantially discounted from Davis Wright Tremaine's standard hourly rates.

5.     By way of background, I have over 30 years of experience in media law and First Amendment litigation matters.  I graduated *magna cum laude* in 1989 from the University of San Francisco School of Law and have been in private practice in the Bay Area ever since.  During law school, I was an extern law clerk for the Honorable Marilyn Hall Patel of this Court.  I began my law practice as an associate with the law firm of Crosby, Heafey, Roach & May in Oakland, California where I was the primary "outside" newsroom counsel for several daily newspapers, including Bob Maynard's *Oakland Tribune*.  I joined DWT in December of 1996 and became a partner of the firm in 1999 and have practiced with the firm ever since.  In 2002, I became a Lecturer at the Graduate School of Journalism at the University of California, Berkeley, later becoming a Continuing Lecturer with the University where I taught media law for nearly two decades.  I have substantial experience using California's anti-SLAPP statute and have successfully represented clients in hundreds of anti-SLAPP litigation matters in California's trial and courts of appeal, the California Supreme Court, and the Ninth Circuit Court of Appeals, including widely cited anti-SLAPP cases such as *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798 (2020) (counsel for defendants); *Taus v. Loftus*, 40 Cal. 4th 683 (2007) (counsel for defendants); *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 12 (2010); *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664 (2010); *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414 (9th Cir. 2014) (counsel for defendants); *Planet Aid, Inc., v. Reveal*, 44 F. 4th 918 (9th Cir. 2022) (counsel for The Center for Investigative Reporting and its reporters and editors); *CoreCivic, Inc. v. Candide Group, LLC*, 46 F. 4th 1136 (9th Cir. 2022) (counsel for defendants); *Baral v. Schnitt*, 1 Cal. 5th 376 (2016) (counsel for media amici); *Park v. California State University*, 2 Cal. 5th 1057 (2017) (counsel for media amici); *Rand Resources, LLC v. City of Carson*, 6 Cal. 5th 610 (2019) (counsel for media amici); and *Sonoma Media Investments, LLC v. Superior Court of Sonoma County*, 34 Cal. App. 5th 24 (2019) (counsel for defendants).  In 2013, I authored *Anti-SLAPP Litigation* for The Rutter

Group's Civil Litigation Series (which is supplemented annually), and I am an annual Contributing Editor to Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (Anti-SLAPP Motions chapter). I was an invited observer and advisor to the Uniform Law Commission's enactment of the Uniform Public Expression Protection Act (a form of uniform anti-SLAPP statute) that was approved by the National Conference of Commissioners on Uniform State Laws at its Annual Conference in July of 2020 and which is now being considered for enactment in states across the nation. For over the past decade, my media and First Amendment practice has been acknowledged through annual listings in *Chambers*, *Best Lawyers in America* and *Super Lawyers*, among others. My complete biography is available at https://www.dwt.com/people/ThomasRBurke/, and a true and correct copy thereof is attached hereto as **Exhibit A**.

  6.    When settling litigation or preparing requests for fees awards in connection with an anti-SLAPP motion, I use the standard hourly rates that DWT ordinarily charges clients for our professional services, without any discount. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (in connection with an anti-SLAPP motion, the fees award "should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee") (emphasis in original). In my experience, the vast majority of the time, I am able to resolve fees demands using these standard rates without the need of motion practice. Recent examples where DWT's standard hourly attorneys' fees rates were the basis of anti-SLAPP settlements and specifically awarded by state and federal courts in California support the hourly rates sought here include, for example, last year in the *Planet Aid v. Reveal from The Center for Investigative Reporting* matter, Planet Aid agreed to pay a record $1.925M to Reveal to settle that long-running libel matter calculated using defense counsel's standard billing rates. In *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, No. 17–cv–02824–JST (N.D. Cal. Apr. 22, 2020), U.S. District Court Judge Tigar awarded our client Greenpeace $545,572.36 in anti-SLAPP attorneys' fees, based on the specific hourly rates sought. The relevant 2019 DWT partner and counsel hourly rates (which were discounted due to the nonprofit status of our client Greenpeace) ranged from $585 to $830, and included my hourly rate of $760. In *KQED Inc. v. Becerra*, CPF-19-516545,

an ongoing California public records lawsuit, pending in San Francisco County Superior Court, against the California Attorney General's Office for access to millions of police misconduct records held by the Office of the Attorney General, the State approved a settlement of $394,644.19 in interim attorneys' fees (approximately 50% of which was paid to KQED Inc.), using my hourly rates for 2019 and 2020 ranging from $780 to $830. In late 2018, in connection with *Muslim Advocates v. Los Angeles Police Department*, a multi-year public records lawsuit brought by Muslim Advocates against the L.A.P.D. that forced the release of records about the L.A.P.D.'s creation of a "Muslim Watch" program for Los Angeles, the Los Angeles Superior Court awarded Muslim Advocates $516,000 in attorneys' fees and costs based on DWT's standard hourly billing rates, including $710 for my hourly rate in 2017 and a rate of $725 in 2018. In 2015, in a copyright/public records lawsuit, *City of Inglewood v. Teixeira*, the federal court awarded DWT's client $117,741.00 in attorneys' fees and costs, and approved my hourly rate of $645 per hour (for work performed in 2015). In *Public.Resource.Org v. IRS*, 2015 WL 9987018 (N.D. Cal. Nov. 20, 2015), after prevailing in a Freedom of Information Act lawsuit, Judge William Orrick, III awarded attorneys' fees of $238,125.62 in which DWT's hourly rates for 2015 were accepted, including my $645 per hour rate. In *Pacific Merchant Shipping Association v. Board of Pilot Commissioners*, 242 Cal. App. 4th 1043 (2015), a multi-year public records act trial and appellate matter, after the First District Court of Appeal upheld PMSA's fees award, the attorneys for the State of California stipulated to pay my hourly rate of $645 (2015) and $685 (2016) for my work in connection with that litigation, without the necessity of filing a second fees motion. Finally, in *Los Angeles Times Communications LLC & The McClatchy Company DBA The Sacramento Bee v. University of California Board of Regents*, in 2015, my clients were awarded $233,225 in attorneys' fees by the Alameda County Superior Court (including nearly $80,000 in fees to prepare the fees motion) after prevailing in multi-year public records litigation in the trial and appellate courts to make public the names of the police officers involved in the infamous 2011 UC Davis pepper spray incident. My court-approved hourly rate for work performed in 2015 in that matter was also $645 per hour.

**Fees Incurred**

7.      Throughout this litigation, I have worked closely with Hearst's Senior Counsel Diego Ibarguen and provided counsel on strategy, and reviewed and provided comment on litigation documents, motions and briefs prepared by Mr. Ibarguen, who was the principal drafter of Hearst's papers.  I have also communicated with opposing counsel regarding various scheduling matters, appeared on behalf of Hearst at the Case Management Conference held on November 30, 2021 and have counseled Mr. Ibarguen on the filing of Hearst's papers and participated in preparation of Mr. Ibarguen for oral argument.

8.      I have reviewed the billing entries charged to Hearst by DWT for my representation in this matter, stored in DWT's timekeeper software, and have determined that since July 2021 through the end of December 2022, DWT has billed Hearst for 33.6 hours of my time, exclusive of time spent in connection with this Fees Motion.  This total represents only time spent by me in connection with this representation.  Detailed time entries are included in DWT's invoices for these services, which are attached to the concurrently filed Declaration of Diego Ibarguen.  My work for Hearst on this matter was billed at a rate of $643 per hour, representing a roughly 30% reduction in the standard hourly rate of $895 DWT billed for my services in 2022.  In this instance, DWT further reduced its fees charged to Hearst by roughly 5% more, resulting in a total amount billed through December 2022 of $20,479.55.

9.      Based on my extensive experience in connection with anti-SLAPP motions, this number of hours expended and the rates charged to Hearst are reasonable.

10.      In addition, I have worked with Mr. Ibarguen on previous matters, and I am familiar with his level of experience and the quality of his work in this matter.  I have reviewed his concurrently filed Declaration reflecting his time spent in connection with this matter and the hourly rate of $600 sought for those services.  Based on my extensive experience in connection with anti-SLAPP litigation, my knowledge of the rates charged by DWT and comparable Bay Area firms for legal services provided by attorneys of Mr. Ibarguen's experience, and my knowledge of Mr. Ibarguen's work on this matter, the number of hours expended and the hourly billing rate sought of $600 are reasonable and reflect a significantly lower number of hours and

billing rate than could reasonably be sought by a person of his experience in a matter of this level of complexity.

 I declare, under penalty of perjury under the laws of the United States and California, that the foregoing is true and correct.

 Executed in Albany, California, on March 1, 2023.

_____
Thomas R. Burke

# Exhibit A




# Thomas R. Burke

**PARTNER**

**San Francisco**
**T** 415.276.6500
**F**
**E** thomasburke@dwt.com

## Education

J.D., University of San Francisco School of Law, 1989, magna cum laude

B.S., Broadcast Journalism, Arizona State University, 1984, magna cum laude

## Admitted to Practice

California, 1989

U.S. Supreme Court, 2006

### I defend speech and fight government secrecy.

Tom Burke defends speech and content across all mediums – representing internet companies; networks; studios; book, magazine and news publishers; and authors, journalists, photographers, documentary filmmakers, and environmental groups. With over 30 years of trial and appellate experience in California's state and federal courts, Tom's practice covers the full spectrum of content liability issues including First Amendment and the defense of libel, privacy and copyright claims. A veteran newsroom lawyer, Tom regularly provides prepublication counseling and defends journalists facing subpoenas for unpublished information and confidential sources. He also regularly litigates high-profile state and federal public records lawsuits. Tom has successfully handled hundreds of anti-SLAPP motions and is the author of "Anti-SLAPP Litigation" (The Rutter Group 2013-present). Since 2002, he has taught media law at the Graduate School of Journalism at the University of California, Berkeley.

Tom is a member of the firm's Executive Committee.

## Practice Highlights

### Libel defense

*Planet Aid v. The Center for Investigative Reporting* - Secured the dismissal of a long-running libel lawsuit against The Center for Investigative Reporting and its reporters that challenged nearly 80 statements and 20 publications about an 18-month investigation into plaintiffs' ties to a Danish cult and the alleged misuse of US and foreign funding to farmers in Malawi, Africa. 2021 WL 110252 (N.D. Cal. 03.23.21).
OP-ED: "What a costly lawsuit against investigative reporting looks like," Columbia Journalism Review, 03.30.21

### Public records & access lawsuits

Litigating public records lawsuits to make public information about: police misconduct throughout California following S.B. 1421 including ongoing lawsuits against the California Attorney General, California Highway Patrol and BART; Veteran's Administration whistleblower complaints; federal agency records of missing and murdered Native Americans; and FBI surveillance of an Muslim American community in Illinois.

### Internet speech

Defended Yelp Inc. in a closely-watched California Supreme Court case (*Hassell v. Bird,* 5 Cal. 5th 522 (2018)) that upheld Yelp's due process and free speech rights under Section 230 of the Communications Decency Act. In a 4-3 decision, reversing the Court of Appeal, the Supreme Court held that Yelp was not required to comply with a trial court order to remove a defamatory user review of a law firm published on Yelp. On January 22, 2019, the U.S. Supreme Court declined to review the case.

## Experience

## Libel, Privacy, and Other Constitutional Matters

### Edward Gallagher v. David Philipps

Represented New York Times reporter David Philipps, a Pulitzer Prize recipient and author of Alpha, in a libel action



brought by former Navy SEAL Eddie Gallagher concerning Philipp's reports about Gallagher's prosecution for war crimes. Despite Gallagher's claim that Philipps published "false and misleading information" about him in Times articles, podcasts, and other documentaries, a federal court in California dismissed the bulk of the allegations in response to an anti-SLAPP motion based on the fair and true reporting privilege and other First Amendment protections. Gallagher subsequently dismissed his case. (S.D. Cal. 2022)

### U.S. WeChat Users Alliance v. Trump

Pro Bono representation of the WeChat Users Alliance to secure a preliminary injunction and challenge the implementation of President Donald Trump's Executive Order 13943 banning the WeChat App as violating the First Amendment.  488 F. Supp.3d 912 (N.D. Cal. 2020); 2020 WL 6891820 (N.D. Cal. 2020). "
U.S. Judge Temporarily Halts Trump's WeChat Ban ," New York Times, 10.05.20

### Loomer v. Facebook, Inc.

Represented Facebook against defamation claims by Laura Loomer, a conservative blogger and now congressional candidate, who was removed from the platform for violating Facebook's Community Standards. Loomer is notorious for making hateful comments against Muslims, immigrants, and other groups, and has been banned from numerous platforms including Twitter, Uber, Lyft, Venmo, and PayPal, among others. Loomer alleged that Facebook defamed her by stating that she had violated its "Dangerous Individuals and Organizations" policy. The court ordered her lawyer to file the pro hac vice motion before Loomer could file her opposition to our summary judgment motion. Loomer agreed to voluntarily dismiss the case. (N.D. Cal. 2020)

### CoreCivic, Inc. v. Candide Group LLC and Morgan Simon

Secured dismissal of defendants in libel action brought by one of the nation's largest private prison owners arising from statements published on Forbes.com advocating against the use of private prisons to house immigrants detailed by the United States. (N.D. Cal. 2020)

### Henreid v. Microsoft

Represented Microsoft and its search engine Bing.com to dismiss libel and related claims from alleged search engine results challenged by a California attorney. (Santa Clara Cty. (Cal.) Sup. Ct. 2020)

### Planet Aid v. The Center for Investigative Reporting

Conducted research for the Center for Investigate Reporting's successful anti-SLAPP motion in a long-running libel lawsuit against The Center for Investigative Reporting and its reporters that challenged nearly 80 statements and 20 publications about an 18-month investigation into plaintiffs' ties to a Danish cult and the alleged misuse of U.S. and foreign funding to farmers in Malawi, Africa. 2021 WL 110252 (N.D. Cal. 03.23.21). (See "
What a costly lawsuit against investigative reporting looks like," Columbia Journalism Review, 03.30.21)

### Energy Transfer Partners et al. v. Greenpeace Int'l et al.

Defending Greenpeace's environmental advocacy in action brought by owner of Dakota Access Pipeline alleging that environmental groups are a global conspiracy under the RICO statute. Motion to dismiss RICO claim granted. (D.N.D. 2019). Motion to dismiss denied 2020. (State of North Dakota, Morton County, South Central Judicial District)

### Gallaher v. Sonoma Media Investments, LLC

Represented the Santa Rosa Press Democrat and its reporter in a defamation lawsuit brought by a prominent real estate developer and his son-in-law, arising from a series of articles reporting on an unprecedented $202,000 in political expenditures by the son-in-law in the final two weeks of the 2016 Santa Rosa City Council elections, after which the developer began to seek approval for large real estate developments in the community. The trial court granted in part and denied in part the defendants' anti-SLAPP motions, after which all parties appealed. The California Court of Appeal



reversed the portion of the trial court's order that denied the anti-SLAPP Motions, directing that court to grant the motions in full and to award defendants their attorneys' fees.  34 Cal. App. 5th 24 (2019)

### Rand Resources, LLC v. City of Carson

Submitted media amici brief urging the California Supreme Court to broadly interpret what is a matter of "public interest" under the state's anti-SLAPP statute. 6 Cal. 5th 610 (2019)

### Resolute Forest Products, Inc. et al. v. Greenpeace International, et al.

Representing Greenpeace in defamation and RICO action brought by forestry company arising from Greenpeace's speech about the impact of company's activities with Canada's boreal forest. After successfully transferring the case from Georgia to California, motion to dismiss and to strike under anti-SLAPP statute granted; renewed motions after amendment granted as to RICO and all but 2 of the 296 alleged defamatory statements. 2019 WL 281370 (N.D. Cal. 2019)

### Goldstein v. Climate Action Network, et al.

Represented Sierra Club and other national environmental organizations to obtain the dismissal of a defamation action (styled as a RICO action) challenging the funding of climate science and advocacy based on First Amendment protections. (D.N.D. Texas 2017)

### Park v. Brd. of Trustees of California State University

Submitted amici brief urging the California Supreme Court to interpret the state's anti-SLAPP to be narrowly available to government entities. 2 Cal. 5th 1057 (2017)

### Almeciga v. Center for Investigative Reporting

Obtained dismissal of plaintiff's fraud, fraudulent concealment, and breach of contract claims that CIR breached a promise to conceal her identity and forged her signature on a release for CIR's 2013 documentary, "I was a Hitman for Miguel Trevino," about a teenage assassin's role with the Los Zetas drug cartel. Following an evidentiary hearing, S.D.N.Y. Judge Jed Rakoff independently dismissed the plaintiff's lawsuit as a "fraud on the court" finding "clear and convincing evidence" that plaintiff made "critical and serious allegations that she knew to be false" and also excluded the plaintiff's handwriting expert. 185 F. Supp. 3d 401 (S.D.N.Y. 2016); 121 F. Supp. 3d 379 (S.D.N.Y. 2015)

### Baral v. Schnitt

Submitted media amici brief urging the California Supreme Court to broadly interpret the state's anti-SLAPP statute to be available to strike protected free speech and petitioning activities even if a plaintiff's entire cause of action is not dismissed, a position unanimously adopted by the Court. 1 Cal. 5th 376 (2016)

### Brodeur v. Atlas Entertainment, et al.

Submitted media amici brief urging a California Court of Appeal to broadly construe what is a "matter of public interest" under the state's anti-SLAPP statute arising from challenged dialogue in the movie "American Hustle." 248 Cal. App. 4th 665 (2016)

### Mad Men

Outside production counsel for "Mad Men," the Emmy-award winning fictional television drama on AMC. (2007-2015)

### O'Rourke v. Comcast

Successfully defended Comcast in a libel action arising from a cable billing dispute that went viral. (N.D. Cal. 2015)



### Abbas v. Foreign Policy Group, LLC et al

Submitted amicus brief on behalf of coalition of media organizations and trade associations urging D.C. Circuit to hold that Washington, D.C.'s anti-SLAPP law applies in federal court. ( 783 F.3d 1328 D.C. Cir. 2014)

---

### Enjaian v. ALM Media Properties

Obtained dismissal of libel action brought by a University of Michigan Law School alum who sued the National Law Journal for accurately reporting on stalking allegations made against plaintiff by his classmates and a related Twitter message. (N.D. Cal. 2014)

---

### Intercon Solutions, Inc. v. Basel Action Network et al

Submitted amicus brief on behalf of coalition of media organizations and trade associations urging 7th Circuit to hold that Washington's anti-SLAPP law applies in federal court and that the collateral order doctrine permits immediate appeal from denial of an anti-SLAPP motion. (7th Cir. 2014)

---

### Smith v. Payne

Twice successfully obtained dismissals of libel and newsgathering lawsuits brought against The Press Democrat's reporting about plaintiffs' protracted disputes with a series of former landlords in multiple states. (N.D. Cal. 2012)

---

### Tiwari v. NBCUniversal Media, Inc.

Represented NBCUniversal to obtain dismissal of libel and IIED claims and to resolve a federal civil rights lawsuit arising from an episode of "Dateline NBC: To Catch A Predator." (2012)

---

### Whitted Atkins Funeral Home v. ABC

Obtained the immediate voluntary dismiss of an attempted prior restraint order (filed in conjunction with a libel action) sought by a funeral home to prevent the broadcast of an ABC news investigation. (San Francisco Cnty. (Cal.) Super. Ct. 2012)

---

### Young v. CBS Broadcasting

Represented CBS in a libel lawsuit (involving more than a dozen allegedly libelous sentences) based on an investigative news broadcast that reported on problems arising in legal proceedings to conserve the elderly and infirm in California. The California Court of Appeal held that plaintiff (a private conservator) was a public figure for purposes of the alleged libel and failed to establish actual malice, and ordered her claims stricken. 212 Cal. App. 4th 551 (2012)

---

### Ibarra v. Carpinello

Obtained summary dismissal of libel litigation in the trial and appellate court arising from the commentary of a Houston Chronicle sports blogger writing about a controversy in the MMA world. (Los Angeles Cnty. (Cal.) Super. Ct.; Ct. of Appeal 2011)

---

### Kim v. Korea Daily

Successfully defended Korean newspaper in a libel action challenging news reports about a 2010 election within the Korean-American Community of San Francisco. (Alameda Cnty. (Cal.) Sup. Ct. 2011)

---

### Snyder v. Phelps

Submitted amicus brief on behalf of twenty-two media organizations urging the U.S. Supreme Court to decide that intrusion and intentional infliction of emotional distress claims cannot be based solely on the publication of offensive opinions about matters of public concern. The Court agreed, ruling 8-1 that the speech at issue is protected by the First



Amendment. Read the amicus brief. 562 U.S. 9 (2011)

### Suulutaaq et. al. v. Center for Investigative Reporting et al.

Successfully defended award-winning investigative reporting center, its veteran reporter, and the San Francisco Chronicle in libel action brought by an Alaska Native corporation challenging a news article that raised questions about its receipt of millions in federal stimulus money for a construction project in Napa Valley. The bulk of Suulutaaq's implication claims were dismissed by the Court as a matter of law, after which Suulutaaq voluntarily dismissed the action with prejudice. 782 F. Supp. 2d 795, 2010 (D. Alaska 2011)

### Brooks v. San Francisco Chronicle

As local counsel, using the anti-SLAPP statute, obtained the dismissal of a libel lawsuit filed by an elected Oakland City Councilwoman. The action challenged one sentence in a column that recounted law enforcement investigations of the plaintiff. The trial and court of appeal unanimously upheld the challenged statement as absolutely privileged as a 'fair and true' report of an official proceeding. (Alameda Cnty. (Cal.) Super. Ct. 2010)

### In re Reglan products liability litigation

Successfully obtained the prompt voluntary dismissal of 103 individual products liability lawsuits filed challenging the content of a drug monograph, using the anti-SLAPP statute. (San Francisco Cnty. (Cal.) Super. Ct. 2010)

### Rivera v. First Data Bank

As local counsel, using the anti-SLAPP statute, obtained the dismissal of wrongful death claims brought against First Databank, a medical publisher, on the grounds that First Databank's drug monograph was protected by the First Amendment. 187 Cal. App. 4th 709 (2010)

### Simpson Strong-Tie v. Gore

Obtained unanimous California Supreme Court decision affirming the summary dismissal by the trial and appellate courts of a trade libel lawsuit arising from a plaintiff class action attorney's constitutionally-protected efforts to locate potential class representatives, which established the precedent that the 'commercial speech' exemption (CCP 425.17(c)) to California's anti-SLAPP statute is to be narrowly construed to protect First Amendment activities. 49 Cal. 4th 12 (2010)

### Stewart v. Rolling Stone Magazine

Represented Rolling Stone Magazine to successfully dismiss right of publicity claims brought by a putative class of musicians that arose out of a gatefold editorial feature published adjacent to a cigarette advertisement. In this issue of first impression, the Court of Appeal unanimously dismissed plaintiffs' claims finding that the gatefold was protected under the First Amendment. 181 Cal. App. 4th 664 (2010)

### Gangland/A&E Lawsuit

Obtained voluntary dismissal of invasion of privacy and libel lawsuit arising from the use of still photographs in an episode of The History Channel's "Gangland" television program. (N.D. Cal. 2009)



## Club Members for an Honest Election v. Sierra Club

After successfully petitioning for review, obtained unanimous California Supreme Court ruling dismissing a lawsuit targeting the environmental organization's First Amendment-protected election activities, and establishing the precedent that the 'public interest' exemption (CCP 425.17(b)) to California's anti-SLAPP statute is to be narrowly construed to protect First Amendment activities. 45 Cal. 4th 309 (2008)

## Taus v. Loftus

After successfully petitioning for review, obtained the dismissal of claims (in the Court of Appeal and California Supreme Court) in complex defamation and invasion of privacy lawsuit against prominent psychologists and a national magazine arising from the scientific debate over 'repressed memories' of alleged sexual abuse. 40 Cal. 4th 683 (2007)

## Bonds v. Sports Illustrated

Defended Sports Illustrated magazine in injunctive relief lawsuit filed by Barry Bonds to challenge publication of confidential federal grand jury testimony appearing in an article about steroid use in Major League Baseball. Action voluntarily dismissed by Bonds after request for injunction was denied. (San Francisco Cnty. (Cal.) Super. Ct. 2007)

## Drake v. Leno

Obtained summary dismissal of libel action against television network arising from a comedy routine on "The Tonight Show with Jay Leno." (San Francisco Cnty. (Cal.) Super. Ct. 2006)

## Carver v. Bonds

Successfully defended former San Francisco 49er Roger Craig in libel lawsuit arising from statements published in newspaper's investigative article. (San Francisco Cnty. (Cal.) Sup. Ct. 2005)

## Wiley v. Black Entertainment Television

Obtained voluntary dismissal after motion filed to dismiss emotional distress claims against BET for use of still photograph of Magic Johnson during annual cable television network's annual music awards program. (N.D. Cal. 2004)

## Li v. CBS Broadcasting

Obtained dismissal of libel and privacy claims based on hidden-camera news investigation of San Francisco restaurant health code violations. (San Francisco Cnty. (Cal.) Super. Ct. 2003)

## Sea Horse Ranch v. CBS Broadcasting

Obtained voluntarily dismissal after motion filed to dismiss negligence and privacy claims based on hidden camera investigation of alleged animal abuses. (San Francisco Cnty. (Cal.) Super. Ct. 2003)

## Citizens Against the Unauthorized Practice of Law v. ABC

Obtained voluntary dismissal of invasion of privacy claims based on hidden-camera news investigation of immigrant counseling service. (San Francisco Cnty. (Cal.) Super. Ct. 2002)

## Daly v. Viacom

Defended and obtained dismissal of libel, invasion of privacy and right of publicity claims based on use of footage of plaintiff in a reality television program. (N.D. Cal. 2002)



### Seelig v. Infinity Broadcasting

Obtained dismissal of libel claim brought by contestant on '"Who Wants to Marry a Multi-Millionaire?" reality-television program against live San Francisco morning radio program, establishing appellate precedent for the broad application of California's anti-SLAPP statute. 97 Cal. App. 4th 798 (2002)

---

### Nadel v. Regents of the University of California*

Successfully defended libel action based on press release about plaintiffs' actions in People's Park in Berkeley. Court of Appeal recognized that government employees enjoy First Amendment protected free speech rights. 28 Cal. App. 4th 1251 (1994)

---

### Sparks v. San Francisco Bay Guardian*

Successfully defended Bay Guardian in libel and invasion of action arising from an April Fool's Day parody edition of the newspaper. 17 Cal. App. 4th 655 (1993)

## Internet

### Henreid v. Microsoft

Represented Microsoft and its search engine Bing.com to dismiss libel and related claims from alleged search engine results challenged by a California attorney. (Santa Clara Cty. (Cal.) Sup. Ct. 2020)

---

### Multiversal v. Yelp

Successfully defended Yelp in a false advertising and unfair competition lawsuit from Yelp's publication of an online video about the operation of its recommendation software. Defeated plaintiff's repeated efforts to access Yelp's proprietary source code, and then prevailed on the merits following a bench trial. This matter is now on appeal in the Court of Appeal (Second Appellate District). (Los Angeles Cnty. (Cal.) Super. Ct. 2020)

---

### Hassell v. Bird (Yelp)

Defended Yelp Inc. in this closely-watched California Supreme Court case that upheld Yelp's due process and free speech rights under Section 230 of the Communications Decency Act. Reversing the Court of Appeal, in a 4-3 decision, the Supreme Court held that Yelp was not required to comply with a trial court order to remove a defamatory user review of a law firm published on Yelp. On January 22, 2019, the U.S. Supreme Court declined to review the case. (5 Cal. 5th 522 (2018))

---

### Darsky v. Avvo, Inc.

Represented Avvo in lawsuit brought by licensed California attorney on behalf of putative class who alleged that Avvo misappropriated his name and likeness by selling advertising on the same page as publicly available information about him and his law practice. After the hearing on Avvo's anti-SLAPP motion, plaintiff agreed to dismiss the case in exchange for an agreement limiting his obligation to pay Avvo's attorneys' fees. (N.D. Cal. 2016)

---

### GLAD v. Cable News Network, Inc.

Lead counsel representing CNN in this putative class action lawsuit for alleged California civil rights and Disabled Persons Act violations that sought to compel CNN to include captioning on all news videos available on CNN.com only months before the FCC issued final closed-captioning rules. Reversing the district court, the 9th Circuit held that CNN's captioning decisions were protected by its free speech rights and dismissed the civil rights claims. The court certified review of the disability claim to the California Supreme Court after which plaintiffs voluntarily dismissed the action. (742 F.3d 414 (9th Cir. 2014); 742 F.3d 871 (9th Cir. 2014))

---

### Jones v. Dirty World Entertainment Recordings LLC


Submitted amicus brief on behalf of online service providers, including major technology companies and news media, arguing for reversal of district court's narrow interpretation of Section 230 of the Communications Decency Act. The 6th Circuit Court of Appeals ultimately reversed and vacated the judgment, endorsing a broad interpretation of Section 230 which permits websites and service providers to engage in traditional editorial functions without becoming liable for user content. 755 F.3d 398 (6th Cir. 2014)

### Valentine v. Nebuad

Obtained dismissal on lack of jurisdiction, on behalf of internet service provider Bresnan Communications in federal privacy lawsuit challenging the use of deep-packet inspection technology (2009). Won dismissal of ECPA claims in sister-case in Montana and in the 9th Circuit enforcing arbitration. (N.D. Cal. 2011; 9th Cir. 2013)

### Funspire Interactive v. mywaves, Inc.

Successfully defended mobile content provider in breach of contract action involving advertising on mobile devices. (Santa Clara Sup. Ct. 2012)

### Keck v. Amazon.com

Defended Amazon.com against privacy claims raised by book that was published by third parties through Amazon's Kindle Direct Publishing program. Court found Amazon.com immune from liability under Section 230, granting its motion for judgment on the pleadings. (Placer Sup. Ct. 2011)

### Smith v. The Regents of Univ. of California

Represented UCSF, through summary judgment, in a class action lawsuit for alleged CMIA and constitutional invasion of privacy claims, valued at over one billion dollars, arising from UCSF's automated sharing of patient information with a third-party vendor. The constitutional privacy claim was dismissed on summary judgment and the CMIA claim was favorably resolved in a settlement approved by the trial court. 2010 WL 5148256 (2010)

### Liao v. CNN

Twice, obtained dismissal of federal civil rights lawsuit challenging editorial content on CNN.com. (N.D. Cal. 2009)

### Fair Housing Council of San Fernando Valley, et al. v. Roommates.com, LLC

Submitted amicus brief on behalf of media amici in 9th Circuit's en banc review of the scope of immunity afforded by Section 230 of the Communications Decency Act to mixed-content websites. No. 04-56916 (*en banc*) 521 F.3d 1157 (9th Cir. 2008)

### Kaiser Permanente v. Cooper

Obtained temporary and permanent injunction against former IT employee, self-dubbed the "Diva of Disgruntled," from disseminating online, protected health information of over 100 Kaiser members. (Alameda Supr. Ct. 2006)

## Public Records Litigation

### ACLU Chapters v. Department of Homeland Security

Successfully represented ACLU chapters in Freedom of Information Act lawsuits in the Southern, Central and Northern Districts of California against the Department of Homeland Security and Customs and Border Protection to compel the release of public records documenting CBP's local implementation of President Trump's 2017 executive orders halting refugee admissions and barring travelers from several predominantly Muslim countries. (S.D. Cal., C.D. Cal., N.D. Cal.; Ongoing)



### Boundaoui v. FBI

Representing a documentary filmmaker in FOIA litigation to compel the FBI to produce records of "Operation Savage Betrayal" – the FBI's surveillance of a Muslim American community outside of Chicago. Ms. Boundaoui's investigation uncovered one of the largest FBI terrorism probes conducted before September 11th and is the subject of her film: "The Feeling of Being Watched" (2018) (N.D. Ill.; Ongoing)

---

### First Amendment Coalition v. Becerra

Representing KQED in a California Public Records Act lawsuit to compel California's Attorney General to comply with newly enacted Senate Bill 1421 and release "millions" of records related to peace-officer conduct currently being withheld. *Becerra v. San Francisco Superior Court*, 44 Cal. App. 5th 897 (2020) (San Francisco Cnty. (Cal.) Super. Ct. Ongoing)

---

### Lawyers Committee for Civil Rights of the Bay Area v. U.S. Citizenship & Immigration Services

Representing LCCR and immigration nonprofit organizations in FOIA litigation against USCIS to compel the agency to release records regarding the agency's use of "gang indicators" in asylum determinations. (Ongoing; N.D. Cal.)

---

### National Public Radio v. Federal Bureau of Investigation

Representing NPR in FOIA litigation to compel the release of videos of ballistics testing conducted by the FBI. (D.D.C. 2020)

---

### National Public Radio v. Office of Management & Budget

Represented NPR in FOIA litigation to compel OMB to release particular "all staff" emails sent by OMB Director Mick Mulvaney. (D.D.C. 2020)

---

### National Public Radio v. Veteran's Administration

Representing NPR in FOIA litigation to compel the VA to release hundreds of Whistleblower complaints made to the newly created Office of Accountability and Whistleblower Protection in the Veteran's Administration. (Ongoing; N.D. Cal.)

---

### The Center for Investigative Reporting v. Beverley Hills Unified School District

Represented CIR in a public records lawsuit that compelled the BHUSD to produce public documents reflecting lobbying efforts with the Trump White House and others to garner support to stop funding for the Purple Line Extension of the Los Angeles subway. (Los Angeles Sup. Ct.; 2021)

---

### University of Washington v. U.S. Dept. of Defense

As a special assistant attorney general, represented the University of Washington and its Center for Human Rights in FOIA litigation to compel the Department of Defense and the Defense Intelligence Agency and the U.S. Southern Command to release records documenting information about massacres in El Salvador during the country's civil war in the 1980s. Previously classified documents obtained by the University through earlier FOIA litigation against the Central Intelligence Agency were cited by the Constitutional Chamber of the Supreme Court of El Salvador in a 2017 ruling ordering a new investigation of the forced disappearance of children during an August 1982 military operation in the department of San Vicente. (W.D. Wash.; 2021)

---

### University of Washington v. U.S. Dept. of Homeland Security

As a special assistant attorney general, representing the University of Washington and its Center for Human Rights in FOIA litigation against the Dept. of Homeland Security, ICE, and CBP to compel the Department of Homeland Security and ICE to release public records documenting the agencies activities within the State of Washington. (Ongoing; W.D. Wash.)


### Voice of San Diego v. U.S. Army

Represented the VOSD in FOIA litigation to compel the Army Corp. of Engineers to release public documents about the building of the U.S./Mexico border wall near San Diego. (S.D. Cal. 2019)

---

### Muslim Advocates v. City of Los Angeles

Successfully obtained public records concerning the LAPD's plan to "map" Muslims in Los Angeles. The LAPD responded to Muslim Advocates' Public Records Act request by claiming that "no records exist," but after years of litigation disclosed 500-plus pages of responsive records.  Following Muslim Advocates' success on the merits, the court ordered the City of Los Angeles to pay more than $500,000 in attorneys' fees. (Cal. Super. Ct. 2018)

---

### National Conference of Black Mayors v. Sacramento News & Review

Defended SN&R in a novel injunctive relief lawsuit brought by the Mayor of Sacramento after the SN&R made a California Public Records Act request for emails sent by the Mayor and his staff using private email accounts. After defeating the Mayor's preliminary injunction (to block the release of hundreds of emails allegedly protected by the attorney-client privilege), convinced the Sacramento Superior Court to release the vast majority of the remaining withheld emails that revealed the Mayor's use of staff to conduct non-city business and using non-city staff to conduct city business. Nevertheless, SN&R's fees request was denied. 25 Cal. App. 5th 570 (2018)

---

### Bloom v. The Regents of the University of California

Co-counsel representing a journalism professor in a Public Records Act lawsuit that forced the Bancroft library on the Berkeley campus to make available to the public, files of the historic Special Crime Study Commission on Organized Crime in California. The collection comprised the activities of the Commission, first appointed in 1947 by then-Governor and future Chief Justice of the United States Supreme Court Earl Warren. UC-Berkeley insisted that the collection was not publicly accessible because it was privately donated and access was controlled by the donor's wishes.  After depositions were taken of Bancroft librarians and a demand was made by the State's Archivist that the collection be publicly accessible, the University reversed course. The Regents paid over $100,000 in attorneys' fees. (Alameda Sup. Ct. 2017)

---

### City of Los Angeles v. Superior Court (Anderson-Barker)

Submitted media amici brief in support of allowing California's Civil Discovery Act to be available in Public Records Act proceedings, the position adopted by the Court of Appeal in this matter of first impression. 9 Cal. App. 5th 272 (2017)

---

### First Amendment Coalition v. DOJ

Litigated five-year FOIA action that compelled the U.S. Department of Justice to disclose legal memoranda provided by the Office of Legal Counsel to the CIA and Department of Defense regarding the legality of the executive branch's extra-judicial lethal execution of U.S. citizens living overseas and designated as terrorists. On appeal, the 9th Circuit found that the district court had abused its discretion in denying our client's ability to recover its attorneys' fees. In 2019, the DOJ paid $300,000 in attorneys' fees in a settlement. 878 F.3d 1119 (9th Cir. 2017)

---

### In re American Civil Liberties Union Freedom of Information Act requests regarding executive order 13769 (MDL No. 2786)

Represented 44 ACLU Chapters across the nation to successfully oppose the U.S. Department of Homeland Security and U.S. Customs & Border Protection's motion before the U.S. Judicial Panel on Multidistrict Litigation to transfer to the U.S. District Court for the District of Columbia, 13 FOIA separately filed lawsuits across the country.  All 13 Freedom of Information Act lawsuits sought access to local field office records about the CBP's interpretation and enforcement of the January 27, 2017, Executive Order  No. 13769, titled "Protecting the Nation from Foreign Terrorist Entry Into the United States."  The request was only the third time that the Government has ever sought MDL consolidation of FOIA lawsuits and the first time its request was denied.  (2017)

---



### Pacific Merchant Shipping Association v. Board of Pilot Commissioners & San Francisco Bar Pilots

Represented PMSA to successfully compel the disclosure of pilot schedules and other records used by the state's licensed pilots responsible for safely piloting all ocean-going vessels in San Francisco Bay and establishing that the Port Agent is a public official subject to the requirements of the California Public Records Act. 218 Cal. App. 4th 577 (2013) PMSA was awarded nearly $300k in attorneys' fees and costs. 242 Cal. App. 4th 1043 (2015)

### Public.Resource.Org v. IRS

Represented government transparency advocacy group in Freedom of Information Act lawsuit that compelled the IRS to make Form 990 tax returns of all nonprofit organizations available in modern electronic format. Secured precedential rulings holding that FOIA applies to such requests, 50 F. Supp. 3d 1212, and clarifying agencies' disclosure obligations under the Electronic Freedom of Information Amendments, 78 F. Supp. 3d 1262. As a result of this litigation, the IRS made all Form 990s nationwide available in modern electronic format beginning in 2016. (N.D. Cal. 2015)

### The Los Angeles Times v. The Regents of the University of California

Successfully prosecuted a California Public Records Act lawsuit on behalf of The Times and Sacramento Bee to compel public disclosure of the names of all UC Davis police officers involved in the infamous pepper spraying of students protesting tuition increases at UC Davis in November, 2011. (Alameda Sup. Ct., Court of Appeal & Cal. Supreme Court 2014)

### Martins v. United States Citizenship & Immigration Services

On behalf of a San Francisco immigration attorney, obtained a rare restraining order in the context of a Freedom of Information Act lawsuit, compelling the USCIS to immediately release of asylum officer interview notes for ten of Mr. Martins' clients. Following the injunction, USCIS entered into a national settlement that ended its policy and practice of withholding asylum officer interview notes with applicants seeking asylum on the basis of the deliberative process privilege. USCIS also agreed to conduct staff training that was completed in early 2014. 962 F. Supp. 2d 1106 (N.D. Cal. 2013)

### Marken v. Santa Monica-Malibu Unified School District

Represented a UCLA Professor in a California Public Records Act lawsuit to obtain access to public records of a high school teacher disciplined by the SMMUSD. 202 Cal. App. 4th 1250 (2012)

### Sacramento County Employees' Retirement System v. Superior Court

Co-authored media amici brief in support of the public's right of access to the names and pensions paid to Sacramento County government retirees kept secret for decades by Sacramento County. 195 Cal. App. 4th 440 (2011)

### The Press Democrat v. Sonoma County Employees' Retirement Association

Prosecuted California Public Records lawsuit to secure public access to the names and pensions paid to Sonoma County government retirees kept secret for decades by Sonoma County. 198 Cal. App. 4th 986 (2011)

### In re Adams County Historical Society v. Kinyoun

Reversing more than a century of secrecy, obtained a unanimous opinion from the Nebraska Supreme Court that the names of some 1,600 former residents buried anonymously between 1890 and 1959 at the Hastings Regional Center, the state's largest mental health cemetery, are public under the state's Public Records Act. 277 Neb. 749 (2009)

### Lawyers Committee for Civil Rights v. U.S. Treasury

Successfully litigated Freedom of Information Act lawsuit to compel the public disclosure of documents reflecting individuals mistakenly identified on the federal government's global terrorist watch list. 534 F. Supp. 2d 1126 (N.D. Cal.



2008)

---

### International Federation of Professional and Technical Engineers, Local 21, AFL-CIO v. Alameda County Superior Court

Filed amici brief on behalf of the Coalition of University Employees in support of the public's right of access to the salaries paid to California's public employees in this landmark decision by the California Supreme Court. 42 Cal. 4th 319 (2007)

---

### Berman v. CIA

Represented Vietnam war historian in Freedom of Information Act litigation, defeating CIA's claim that presidential intelligence daily briefs are categorically exempt from FOIA's disclosure mandates. 501 F.3d 1136 (9th Cir. 2007) Eight years later, the CIA publicly released a collection of 2,500 declassified PDBs from the Kennedy and Johnson Administrations, disproving the CIA's previous dire claims that the PDBs were "uniquely sensitive" and "non-segregable."

---

### Gordon v. FBI

Using the Freedom of Information Act, compelled the FBI and TSA to publicly release previously secret documents about the federal government's expanded use of the "no fly" and "selectee" lists to screen airline passengers after September 11. ACLU-NC recovered $200,000 in attorneys' fees. 388 F. Supp. 2d 1028 (N.D. Cal. 2004); 390 F. Supp. 2d 897 (N.D. Cal. 2005)

---

### Bakersfield City School Dist. v. Superior Court

Successfully litigated Public Records Act matter in the trial court and court of appeal to establish legal precedent ensuring the public's right to review complaints of misconduct by public employees. 118 Cal. App. 4th 1041 (2004)

---

### San Francisco's Sunshine Ordinance/Proposition G

Co-authored Proposition G (enacted by San Francisco's voters in 1999) to update San Francisco's landmark "Sunshine Ordinance" Sec. 67, providing greater rights of access to public records and meetings within the city and county.

---

### Williams v. Superior Court*

Represented Freedom Communications in Public Records Act lawsuit seeking access to disciplinary records of law enforcement officers involved in the botched execution of a search warrant. 5 Cal. 4th 337 (1993)

## Access to Public Proceedings

### The People v. David DePape

Successfully represented a coalition of media clients (including *The New York Times*, *The Washington Post*, Fox News, and CNN) that requested the trial court to release exhibits played during the preliminary hearing for the defendant charged with attacking then-U.S. Speaker Nancy Pelosi's husband. See "
Court Releases Video of Paul Pelosi Hammer Attack, Adding Chilling Details," New York Times, 01.27.23

---

### First Amendment Coalition v. Governor of the State of California

Representing the First Amendment Coalition in a series of motions to unseal records submitted by the California Governor's Office to the California Supreme Court, seeking the Court's approval of a proposed grant of clemency former state senator convicted of election-related crimes. In its ground-breaking order in Wright on Clemency (Case No. S251879), the Supreme Court applied constitutional law and the California Rules of Court governing the sealing of court records to order the governor to provide public access to the vast majority of the clemency file. Other motions to unseal involving records submitted by Govs. Brown and Newsom in support of clemency requests involving twice-convicted felons remain pending before the court. (Ongoing)

---



## Perry v. Schwarzenegger/Prop. 8 Trial Video

Represented national media coalition in access proceedings in the District Court, 9th Circuit and in and through the U.S. Supreme Court – during a single week – seeking to televise this historic San Francisco federal trial involving a due process challenge to California's prohibition against same-sex marriage. The Supreme Court issued a temporary stay of the broadcast [*Hollingsworth v. Perry*, 558 U.S. 1107, 130 S. Ct. 11232 (2010) (mem.)] and two days later, by a 5-4 vote, extended the stay. *Hollingsworth v. Perry*, 558 U.S. 183, 130 S. Ct. 705 (2010) (per curiam). Secured a later ruling by the district court allowing access to a videotape of the bench trial [2011 WL 4527349], later reversed by the 9th Circuit. *Perry v. Brown*, 667 F.3d 1078 (9th Cir. 2012). In 2018, on behalf of KQED, obtained an order unsealing the video of the trial in August of 2020 absent a further court order. *Perry v. Schwarzenegger*, 302 F. Supp. 3d 1047 (N.D. Cal. 2018). In April of 2019, the 9th Circuit dismissed an appeal of that order by the Proponents of Prop. 8 on ripeness grounds. (Ongoing)

## Los Angeles Times Communications LLC v. Kernan

Represented the Los Angeles Times and KQED to challenge the State of California's lethal injection execution regulations, on constitutional grounds, to ensure the public's right of access to observe executions and to prevent the State of California from carrying out significant portions of executions in secret. Defeated the State's motion to dismiss. On March 13, 2019, California Governor Newsom issued an executive order suspending the death penalty in California. 2018 WL 10419787 (N.D. Cal. 2019)

## McNair v. National Collegiate Athletic Assn.

Represented The New York Times and the Los Angeles Times to successfully unseal 400 court documents regarding the NCAA's investigation into whether USC running back Reggie Bush received improper treatment while at USC. 234 Cal. App. 4th 25 (2015)

## In re Apple iPod iTunes antitrust litigation

Represented Bloomberg L.P., the Associated Press and CNN to seek the release of a copy of the videotape of former CEO of Apple Steve Jobs shown to the jury during trial proceedings. The District Court denied the motion concluding that the deposition was not a judicial record. 75 F. Supp. 3d 1271 (N.D. Cal. 2014)

## In re Google Gmail litigation

Represented Coalition of media organizations to successfully oppose Google's after-the-fact attempt to seal portions of the reporter's transcript of a hearing on class certification held in open court to protect disclosure of proprietary processes used by Google in the operation of Gmail. (2014 WL 10537440 N.D. Cal.)

## In re application for exemption from electronic public access fees by Jennifer Gollan and Shane Shifflett

Represented journalists with Bay Citizen and the Center for Investigative Reporting to request an exemption from the fees associated with accessing electronic court records through PACER. The request was denied by the District Court and affirmed by the 9th Circuit but in the process, the access rules were favorably amended to address requests by non-profit media organizations. 728 F.3d 1033 (9th Cir. 2013)

## "Fijitagate" gag order

Represented The New York Times and local network television stations to successfully oppose a gag-order requested by the San Francisco District Attorney to restrict pretrial publicity in a criminal case involving eight police officers indicted on charges stemming from a Union Street fight that turned into a political scandal dubbed "Fajitagate". (San Francisco Super. Ct. 2003)

## Lesher Communications v. Superior Court*

Obtained precedent-setting appellate ruling ensuring the public's right of access to jury questionnaires used in criminal cases in California's courts. 224 Cal. App. 3d 774 (1990)



## Intellectual Property

### Philpot v. Alternet

Defended Alternet in copyright litigation arising from the online publication of a celebrity photograph. (N.D. Cal.; 2019)

---

### Blackshear Enterprises Inc. v. Lenox Corporation

Defended Lenox in arbitration in a complex licensing, copyright, trademark, right of publicity and royalty dispute involving the marketing and sale of collectable figurines. (2016)

---

### City of Inglewood v. Teixeira

Defended citizen-activist in a copyright suit brought by the City of Inglewood arising from his use of clips of city council meetings in critical YouTube videos. The district court found that California government agencies cannot enforce copyright in public records absent specific statutory authorization, and that the action independently was barred by the fair use doctrine. The court dismissed the city's complaint with prejudice and awarded attorneys' fees under the Copyright Act. (C.D. Cal. 2015)

---

### AJ Management Consulting, LLC v. MBC FZ-LLC

Defended MBC in copyright action involving a dispute over the ownership of cloud-based mobile technology used to power MBC's "Omar App" a digital story-telling app used by MBC to promote its Omar television series in the United Arab Emirates. MBC's motion to dismiss granted. (2014 WL 2878891; N.D. Cal.)

---

### Chamber of Commerce of the United States v. Servin, et al.

Represented the Yes Men against trademark claims filed after they performed a political parody of the Chamber of Commerce's controversial position on global climate change; three years after defendants moved to dismiss, the Chamber dropped its lawsuit. USDC D.C. 09cv 2014 (2013)

---

### Alberghetti et al. v. Corbis Corporation

Represented national media and licensors of photographic imagery in amicus brief challenging district court's ruling that the subject of a photograph may assert a viable right-of-publicity claim based merely on a licensor's offer to license the copyright in the photograph. (9th Circuit 2012)

---

### National Photo Group, LLC v. Bleacher Report

Defended Bleacherreport.com in copyright litigation arising from the use of a celebrity photograph. (N.D. Cal. 2012)

---

### Duncan v. Cohen

Defended Sierra Club in federal copyright litigation and related declaratory relief action in state court involving the motion picture rights to Mr. Duncan's novel "The River Why." (N.D. Cal.; San Francisco Sup. Ct. 2008)

---

### Savage v. Council on American-Islamic Relations

Obtained summary dismissal of a copyright/RICO lawsuit brought by conservative syndicated radio talk show host, Michael Savage, targeting the free speech rights of the nation's largest Muslim civil rights organization Council for American-Islamic Relations (CAIR). 87 U.S.P.Q.2d 1730 (N.D. Cal. 2008)

---



### NIMA Entertainment v. Persian News Network

Successful defense of satellite television station in a complex copyright infringement lawsuit involving the ownership of three Iranian films. (N.D. Cal. 2008)

### Identity Arts v. Best Buy Co., Inc.

Defended San Francisco advertising agency in copyright dispute involving its independent creation of short films shown during movie trailers to remind theatre audiences to silence their cell phones. IA's motion for judgment (no access, no substantial similarity and scenes a faire) was granted. (2007 WL 1149155; N.D. Cal.)

### Guichard v. Mandalay Pictures, LLC

Represented the Motion Picture Association of America and all of its members (except Metro-Goldwyn-Mayer Studios) to dismiss claim by independent motion picture producer that the MPAA's Motion Picture Title Registration Bureau violated unfair competition and antitrust laws. (2005 WL 2007883; N.D. Cal.)

### Knauer v. Kaiser Permanente International, Inc.

Defended Kaiser in copyright litigation involving the ownership of a portfolio of photographs taken by a freelance photographer and associated alleged contract restrictions on Kaiser's marketing collateral. (N.D. Cal. 2004)

### Zatz v. Sierra Club

Defended Sierra Club in copyright action involving the use of raw footage of the Arctic National Wildlife Preserve. (W.D. Wash. 2004)

### Wham-O, Inc. v. Paramount Pictures

Represented Paramount Pictures and Happy Madison Productions, Inc. to defeat a preliminary injunction to enjoin the film Dickie Roberts:  Former Child Star based on trademark and dilution claims arising from the alleged and unauthorized misuse of WHAM-O's "Slip 'N Slide" water slide. 286 F. Supp.2d 1254 (N.D. Cal. 2003)

### Zito v. Steeplechase Films

Defended Sierra Club against copyright infringement claim relating to use of photograph of Ansel Adams. The federal court barred plaintiff from recovering statutory damages or attorneys' fees, leading to dismissal of the action. 267 F. Supp. 2d 1022 (N.D. Cal. 2003)

### Metro Publishing Inc. v. SurfMet, Inc.

Represented Metro Publishing in successful preliminary injunction motion to enjoin the unauthorized use of Metro's trademark and trade dress. (66 U.S.P.Q.2d 1134 (N.D. Cal. 2002)

## Journalist's Privilege and Source Protection

### In re Eurasian National Resources Corp. & In re Dechert Subpoenas

Represented The Sunday Times of London and its reporter Danny Fortson, against subpoenas seeking his unpublished and confidential information used in news reporting about the operations of ENRC. (N.D. Cal. 2020)

### SFPD search warrants to Bryan Carmody

Represented freelance journalist Bryan Camody to successfully quash five search warrants issued to the San Francisco Police Department, in violation of state and federal protections, in SFPD's investigation into the leak of a police report regarding the death of Jeff Adachi, San Francisco's Public Defender. (San Francisco Cnty. (Calif.) Sup. Ct. 2019)



### Hatch v. Kantz

Quashed civil plaintiff's subpoena seeking San Francisco Chronicle reporter Scott Fagan's unpublished reporting materials and later limited Mr. Fagan's deposition testimony to only published information about his news reporting on this civil dispute. (San Mateo Sup. Ct. 2017)

### Hurry v. Financial Industry Regulatory Authority, Inc.

Quashed federal subpoena issued to reporter with TheStreet.com seeking the identity of confidential sources and other unpublished information. (N.D. Cal. 2017)

### People v. Gaskin

Quashed criminal defendant's pre-trial subpoena to CNN for outtakes of video and reporter's notes taken following protests on the UC Berkeley campus. (Alameda Sup. Ct. 2017)

### Riley v. California and U.S. v. Wurie

Submitted amicus brief on behalf of National Press Photographers Association, Reporters Committee for Freedom of the Press, and a coalition of media organizations, urging the U.S. Supreme Court to examine the constitutionality of warrantless searches of cell phone data (including journalists' cell phones) incident to arrest. (U.S. 2014)

### People v. Ramos

Quashed pre-trial and trial subpoenas seeking to compel testimony from San Francisco Chronicle protected by the reporter's shield law in a triple-murder trial. (San Francisco Sup. Ct. 2011)

### People v. Shotwell

Quashed subpoena seeking San Francisco Chronicle photographer's unpublished photographs of a BART protest. (San Francisco Sup. Ct. 2011)

### In re Search Warrant to Gizmodo.com

Aided Gizmodo.com (one of the Gawker Media websites) in dealing with reporter's shield issues immediately following the execution of a search warrant by the San Mateo County District Attorney's Office on the home of a Gizmodo writer covering a story about a prototype Apple iPhone left in a Redwood City, Calif., bar. (San Mateo County Sup. Ct. 2010)

### In re subpoena issued to STF Productions, Inc.

Successfully defended "America's Most Wanted" television program against federal criminal defendant's pre-trial subpoena in murder case seeking unpublished video outtakes in nearly four-year dispute; subpoena withdrawn following favorable rulings by the 9th Circuit Court of Appeals. (9th Cir. 2007)

### In re Grand Jury Subpoena Issued to Joshua Wolf

Submitted amici brief (along with the ACLU-NC) in the trial court and 9th Circuit in support of freelance journalist Josh Wolf in connection with contempt proceedings against Wolf for his refusal to produce unpublished video footage of a July 2005 anarchist protest in San Francisco and t testify before a federal grand jury. Mr. Wolf went on to be held in federal prison for 226 days, before he was released. (201 Fed. Appx. 430 9th Cir. 2006)



**People v. Scott Peterson**

On behalf of a national media coalition, responded to a court-issued subpoena (issued during trial) for the media pool to produce all video outtakes of activity outside of the Redwood City, CA courtroom; asserting the reporter's privilege, only footage that was previously broadcast was produced. (San Mateo Super. Ct. 2004)

---

**In re criminal subpoenas issued to Tim Crews/Sacramento Mirror**

Co-counsel appellate counsel for the defense of Tim Crews, owner, publisher, editor, reporter, photographer and delivery boy of the Sacramento Mirror in Willows, California. Mr. Crews fought a pre-trial subpoena issued by a criminal defendant seeking Mr. Crews' confidential sources. Mr. Crews sought emergency relief through the California state court appellate system through to the 9th Circuit. Ultimately Mr. Crews voluntarily surrendered to serve 5 days in the Glenn County Jail rather than reveal his sources. A trial subpoena was later issued for the same information but it was withdrawn. In response to Mr. Crews' plight, the California Legislature unanimously enacted legislation (Cal. Civ. Proc. §1986.1) to provide greater protection for journalists, including a requirement that they receive five-day advanced notice to respond to any subpoenas issued in California. (2000)

*Denotes experience prior to joining Davis Wright Tremaine

## Memberships & Affiliations

- Chair, DWT Pro Bono and Public Service Committee, 2018-present
- Lecturer, J255, Law & Ethics, Graduate School of Journalism, University of California, Berkeley, 2002-present
- Member, National Board of Advisors, Cronkite School of Journalism and Mass Communication, Arizona State University, 2013
- Governing Board of the ABA Forum on Communications Law, 2008-2011
- Appointed Member, Commission for Impartial Courts, California Task Force on Judicial Campaign Conduct, 2007-2009
- Co-chair, Freedom of Information Committee, Northern California Chapter of the Society of Professional Journalists, 2006-2008
- Member, Internet Law, Membership and Prepublication Review Committees, Media Law Resource Center, 2002-present
- Legal Advisor, First Amendment Coalition, 1990-present
- Legal Advisor, Student Press Law Center, 2008-present
- Member, San Francisco Lawyers Committee for Civil Rights, 2009-present

## Professional Recognition

- Named a "Litigation Trailblazer" by the National Law Journal, 2022
- Named as one of "America's Leading Lawyers for Business" by Chambers USA in First Amendment Litigation (Nationwide), 2018-2022; Media & Entertainment: First Amendment Litigation (California), 2003-2022
- Named "Lawyer of the Year" in First Amendment Litigation (San Francisco), Best Lawyers, 2015, 2021, 2023
- Received the "Willard J. Wright Award" for Outstanding Community Service, 2014
- Named as one of "500 Leading Lawyers in America" by Lawdragon, 2013
- Named as one of the "Best Lawyers in America" in Litigation - First Amendment by Best Lawyers, 2006-present
- Selected as San Francisco's "Lawyer of The Year" in First Amendment Litigation by Best Lawyers, 2023
- Selected to "Northern California Super Lawyers," Thomson Reuters, 2004-2022
- James Madison Freedom of Information Award for Legal Counsel, Northern California Chapter of the Society of Professional Journalists, 2002

## Background

- Extern Law Clerk, Hon. Marilyn Hall Patel, U.S. District Court, Northern District of California, Fall 1988

## Insights



Davis Wright Tremaine's Thomas R. Burke Named a Litigation Trailblazer by the National Law Journal, 11.03.22

More Than 160 Davis Wright Tremaine Attorneys Recognized in the 2023 Edition of Best Lawyers, 08.18.22

Obfuscating Mercy: How the California Supreme Court Finally Addressed Secretive Pardons, 10.26.21

Biden Administration Rescinds Trump's TikTok and WeChat Bans, Issues Two Executive Orders Highlighting Policies on Chinese Tech Companies, 10.26.21

Co-author, "Obfuscating Mercy: How The California Supreme Court Finally Addressed Secretive Pardons," First Amendment Coalition, 09.16.21

Groundbreaking Partnership to Develop National Pro Bono Media Law Network, 06.16.21

Biden Administration Rescinds Trump's TikTok and WeChat Bans, Issues Two Executive Orders Highlighting Policies on Chinese Tech Companies, 06.14.21

"The Canopy Planet Story," Davis Wright Tremaine Webinar, 06.09.21

"The Carbon Problem: A Conversation with Microsoft's Elizabeth Willmott," Davis Wright Tremaine Webinar, 04.21.21

Quoted in "Court Says CoreCivic Must Pay For Failed Defamation Suit," Law360, 04.07.21

"It Took Five Years to Reach This Goal," Davis Wright Tremaine Pro Bono & Social Impact Report, 2020

Quoted in "U.S. Judge Temporarily Halts Trump's WeChat Ban," The New York Times, 09.20.20