GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA  94063
Telephone:  415.236.2048
Email:  Dutta@BEELawFirm.com
Fax:  213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;<br><br>　　　　　　*Plaintiffs*,<br><br>　　vs.<br><br>HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;<br><br>　　　　　　*Defendants*. | CASE NO. 3:21-cv-05566-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date:  Apr. 6, 2023, 1:30 pm<br><br>JUDGE: Hon. Edward M. Chen<br><br>COURTROOM:  5 – 17th Floor |

POINTS AND AUTHORITIES

**I.  Introduction**

Defendant's Motion for Anti-SLAPP Attorney's Fees and Costs (which seeks over $80,000 from Plaintiffs Buttar for Congress Committee and Shahid Buttar) must be denied in substantial part, for two reasons.  *First*, Defendant Hearst Communications, Inc. ("Hearst") improperly seeks attorney's fees and costs in connection with Plaintiffs' *initial* Complaint.  *Second*, the hourly rates sought by Hearst are unreasonable.

**II.  Procedural Background**

After Plaintiffs Shahid Buttar for Congress Committee and Shahid Buttar (collectively, "Plaintiffs") filed their Complaint on July 20, 2021, Hearst filed a motion to dismiss on Jan. 26, 2022.  On Apr. 25, 2022, the Court granted that motion, while granting leave to amend.  After Plaintiffs filed their First Amended Complaint (FAC) on Aug. 12, 2022, Hearst filed a motion to dismiss.  On Feb. 16, 2023, the Court granted that motion and entered judgment against Plaintiffs.[1]  On Mar. 2, 2023, Hearst filed its Motion for Attorney's Fees.

**III.  Legal Analysis**

A.  <u>Hearst Improperly Seeks Fees in Connection with Plaintiffs' Initial Complaint</u>

At the outset, this Motion must be denied as to the amount sought – because in addition to requesting fees in connection with Plaintiffs' FAC, Hearst ("Hearst") improperly seeks attorney's fees and costs in connection with Plaintiffs' initial Complaint.  As this Court admonished in *Brown v. Electronic Arts, Inc.*, a prevailing party to an Anti-SLAPP motion filed in this Circuit (a) is <u>barred</u> from receiving any attorney's fees or costs in connection with a plaintiff's *initial* complaint, and (b) is limited to seeking fees in connection with the *amended* complaint.[2]

In *Brown*, the Court granted defendant's initial Anti-SLAPP motion with respect to the plaintiff's initial complaint, while granting leave to amend the complaint.  After the plaintiff's amended complaint re-alleged the same state-law claims, the Court granted the defendant's

---

[1]  Plaintiffs intend to appeal the Court's dismissal of this action.

[2]  *Brown v. Electronic Arts, Inc.*, 722 F.Supp.2d 1156-57 (N.D. Cal. 2010) (*citing Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) & *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009)).

second Anti-SLAPP motion.  Subsequently, the defendant sought, via fee motion, attorney's fees for the fees and costs incurred in connection with its *first* Anti-SLAPP motion (as to the *initial* complaint).[3]

In response, the *Brown* Court held that the defendant was not entitled to any attorney's fees or costs that were incurred with respect to the *initial* complaint – because, under Ninth Circuit precedent, the defendant was *not* the prevailing party as to the initial complaint:

> [Defendant], however, would have this Court not only award the fees and costs it incurred in successfully dismissing any state law claims contained in the amended complaint but also *retroactively award it the fees and costs it incurred with respect to the earlier initial complaint*. The Ninth Circuit has *foreclosed this result*.[4]

As *Brown* noted, the Ninth Circuit (in *Gardner v. Martino*) has set forth that "a *first amended complaint* remain[s] subject to anti-SLAPP remedies, including the provision of fees and costs."[5] *Brown* thus reasoned that a defendant would be eligible to recover the fees and costs incurred *only* with respect to the *second* Anti-SLAPP motion, as to the *amended* complaint (provided that the defendant were adjudged the prevailing party with respect to the claims at issue).[6]

Here, Hearst does not limit its fee request to work in connection with Plaintiffs' FAC (i.e., the period **Aug. 12, 2022** through the present).  Instead, Hearst improperly seeks attorney's fees and costs for the period spanning the *entire* litigation.  Indeed, as Ibarguen Declaration Exhs. A and B (Dkt. 70) show, Hearst seeks fees and costs for the period **July 22, 2021** (beginning with the filing of Plaintiff's *initial* Complaint) through the present.

Because Hearst improperly seeks attorney's fees and costs that were incurred *before* Plaintiffs' FAC was filed (i.e., Aug. 12, 2022), its Motion must be denied *in toto* as to attorney's

---

[3] *Brown*, 722 F.Supp.2d at 1156-57.

[4] *Id.* at 1157 (italics added) (*citing Gardner*, 563 F.3d at 991); *accord*, *Sanchez v. Law Office of Armo*, 2021 WL 1214559, at *18 (E.D. Cal. Mar. 31, 2021) (denying attorney's fees where the district court had granted in part the defendant's Anti-SLAPP motion).

[5] *Brown*, 722 F.Supp.2d at 1157 (italics in original, internal quotation marks omitted) (*quoting Gardner*, 563 F.3d at 991); *see also Gardner*, 563 F.3d at 991 ("Appellants had already filed the first amended complaint as a matter of right and Verizon specifically held that a *first amended complaint is subject to anti-SLAPP remedies*.") (*citing* Verizon, 377 F.3d at 1091) (italics added)).

[6] *Brown*, 722 F.Supp.2d at 1157 (*citing Gardner*, 563 F.3d at 991).

1 fees and costs sought for the period *before* Aug. 12, 2022.  Specifically, only **42.1 hours** from

2 Mr. Ibarguen's billing (for the period Aug. 18, 2022 through Feb. 27, 2023)[7] and **3.5 hours** from

3 Mr. Burke's billing (for the period Aug. 18, 2022 through Dec. 7, 2022)[8] should be allowed – and

4 all other requested attorney's fees and costs must be barred.

5         B.        The Hourly Fees Sought by Defendant Are Unreasonable

6 Furthermore, Hearst's Motion must also be denied, for the hourly fees sought are

7 unreasonable.  The *burden* of establishing entitlement to an attorney's fee award lies solely with

8 the party seeking fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (italics added).  "[T]he

9 *burden* is on the fee applicant to produce satisfactory evidence - *in addition to* the attorney's own

10 affidavits - that the requested rates are in line with those prevailing in the community for similar

11 services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*,

12 465 U.S. 886, 896 n.11 (1984) (italics added).[9]

13 Hearst was thus required to establish that the requested rates are reasonable in this District

14 in the Bay Area.  "Generally, the relevant community is one in which the district court sits."[10]

15 Notably, the Eastern District of California has denied attorney's fees where the moving party did

16 not produce evidence of hourly rates prevailing in the relevant community.[11]

17 Here, the affidavits submitted by Hearst (i.e., the Ibarguen and Burke Declarations) set

18 forth each counsel's billable rates and the number of hours worked, but do not provide any

19 *general* – let alone prevailing – hourly rate data for defamation cases in the Bay Area legal

20 market.  Hearst thus fails to show that its requested hourly rates ($643 per hour for Mr. Burke and

21 $600 per hour for Mr. Ibarguen)[12] are reasonable.  Accordingly, the hourly rates of Mr. Burke and

22 Mr. Ibarguen must be capped at $400.

---

[7]     *See* Ibarguen Decl. Exh. A, at p. 14 of 75.

[8]     *See* Ibarguen Decl. Exh. B, at pp. 53, 57, 61, 64, and 68 of 75

[9]     *See also Schwarz v. Secy. of HHS*, 73 F.3d 895, 908 (9th Cir. 1995).

[10]    *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991); *see also Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000).

[11]    *Beauford v. E.W.H. Group, Inc.*, 2009 WL 3162249 (E.D. Cal. Sept 29, 2009).

[12]    *See* Burke Decl. ¶8; Ibarguen Decl. ¶20.

### IV. Conclusion

Hearst's Motion overreaches, because it (1) improperly seeks fees and costs for work that predated the filing of Plaintiff's FAC, and (2) seeks to bill Plaintiffs at unreasonable hourly rates. Therefore, Hearst's Motion must be denied in substantial part. To that end, the Court should impose no more than **$18,240** (i.e., **45.6 hours** @ $400 per hour) in attorney's fees and costs.

DATED: Mar. 16, 2023

BUSINESS, ENERGY, AND ELECTION LAW, PC

By: /s/ Gautam Dutta
  GAUTAM DUTTA, ESQ.

Attorneys for Plaintiffs

SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR