THOMAS R. Burke (CA State Bar No. 141930)
  thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

JONATHAN R. DONNELLAN
  jdonnellan@hearst.com (*pro hac vice*)
DIEGO IBARGUEN
  dibarguen@hearst.com (*pro hac vice*)
HEARST CORPORATION
300 W. 57th Street, 40th Floor
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000

Attorneys for Defendant
HEARST COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 3:21-cv-05566-EMC<br><br>**SUPPLEMENTAL DECLARATION OF DIEGO IBARGUEN IN SUPPORT OF DEFENDANT HEARST COMMUNICATIONS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[Cal. Civ. Proc. Code § 425.16]**<br><br>Judge:  Hon. Edward M. Chen<br>Date:   April 6, 2023<br>Time:   1:30 p.m.<br>Place:  Courtroom 5, 17th Floor |

## DECLARATION OF DIEGO IBARGUEN

I, DIEGO IBARGUEN, declare:

1. I am an attorney duly admitted to practice law in the State of New York, and I have been admitted to practice before this Court *pro hac vice* in connection with this matter. I am employed as Senior Counsel in the Office of General Counsel for The Hearst Corporation

1

1  ("Hearst"), and I represent defendant Hearst Communications, Inc. ("Hearst" or "Defendant") in this matter.  I make this Supplemental Declaration in further support of Defendant's Motion for Attorneys' Fees and Costs.  The matters stated herein are true of my own personal knowledge, except for those matters expressly stated on information and belief, which matters I believe to be true.

2.	Attached as Exhibit A is an updated time record setting forth the time spent by Hearst's in-house counsel in connection with this litigation for which Hearst seeks an award of attorneys' fees.  Exhibit A supersedes what was previously filed with this Court as Exhibit A to the March 2, 2023 Declaration of Diego Ibarguen.

3.	As reflected in Exhibit A, Hearst has limited its request for in-house attorneys' fees only to time spent on this matter by me; Hearst does not seek to recover fees for the time my in-house colleagues have spent on this matter, including Hearst's Co-General Counsel Jonathan R. Donnellan, Hearst's Deputy General Counsel Ravi V. Sitwala and Hearst OGC's senior paralegal.

4.	I prepared Exhibit A from task and time annotations I maintain in the ordinary course of my professional practice in daily task notebooks and which I have maintained over the course of this litigation; I have also reviewed electronic records including e-mail archives, word processing files, and Hearst OGC's digital record keeping system, to estimate my actual time spent on tasks performed in this matter.  In the course of preparing Exhibit A, I have significantly reduced or completely written off much of the time spent on this matter in order to arrive at what I believe to be a reasonable and appropriate reflection of the substantial work I performed on this matter.  For example, where the time I actually spent appeared unnecessary or duplicative of other work done on this case, or where the time actually spent appeared to exceed reasonably necessary amounts of time for the particular tasks performed, I have reduced such time entries downward or written them off completely.

5.	The following chart summarizes the hours of legal work, with an associated billing rate, performed by me during the course of this litigation, as described in Exhibit A:

1. Legal and Factual Research, Preparation of Motions to Dismiss and Accompanying Declarations and Filings.

| Name | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|
| D. Ibarguen | $600 | 46.2 | $27,720 |

2. Review of Plaintiffs' Opposing Papers, Legal Research, Preparation of Replies and Supporting Declarations and Additional Reply Papers.

| Name | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|
| D. Ibarguen | $600 | 31.0 | $18,600 |

3. Preparation for and Appearance at Hearings on both Motions to Dismiss.

| Name | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|
| D. Ibarguen | $600 | 14.0 | $8,400 |

4. Preparation of Motion for Fees and Costs, Review of Plaintiff's Opposing Brief, Legal Research, Preparation of Reply and Supporting Declaration.

| Name | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|
| D. Ibarguen | $600 | 20.1 | $12,060 |

6. The hourly rate noted above charged by Hearst OGC is consistent with what I understand to be customary market rates charged with comparably experienced litigation counsel in matters featuring complexities similar to this matter. Hearst OGC is familiar with the prevailing rates for First Amendment Counsel in the State of California through interviewing and retaining counsel in connection with various Hearst matters in California. As noted in the March 2, 2023 Declaration of Diego Ibarguen, Hearst's outside counsel in this matter billed Hearst at an hourly rate of $643.

I declare, under penalty of perjury under California law and the laws of the United States, that the foregoing is true and correct.

Executed in New York, New York, on March 22, 2023.

s/ Diego Ibarguen<br>Diego Ibarguen

SUPPLEMENTAL DECLARATION OF DIEGO IBARGUEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:21-CV-05566-EMC

# Exhibit A

## Diego Ibarguen Attorney Time Records
*Shahid Buttar for Congress Committee, et al., v. Hearst Communications, Inc.,*
Case No. 21-cv-05566-EMC

| Date | Hours | Description |
|---|---|---|
| 07/22/21 | 3 | Review and analyze unserved Complaint which was forwarded by client after learning of filing; review client's underlying articles at issue in Complaint; confer with client re: same; discussing complaint and initial strategy issues with J. Donnellan by telephone; emails w/ local counsel (T. Burke). |
| 07/23/21 | 1.5 | Preparation of preservation directive for client; phone calls w client re: background on allegations in Complaint. |
| 07/24/21 | 2 | Discussion with J. Donnellan re: legal standards and possible defenses available, discussion of possible anti-SLAPP motion; research re: same. |
| 08/04/21 | 0.4 | Teleconference with local counsel (T. Burke) re: unserved Complaint, strategy and availble defenses including anti-SLAPP motion, failure to sufficiently plead actual malice, failure to demand correction. |
| 10/12/21 | 0.2 | Review of complaint service copy served on Hearst Communications through its corporate agent; emails w local counsel re: same. |
| 10/13/21 | 0.1 | Emails with client alerting them of service of Complaint. |
| 10/26/21 | 1 | Research on anti-SLAPP standards, substantial truth, actual malice, correction statute, associational standing for campaign; emails re: same with J. Donnellan; email with client confirming Plaintiffs failed to make correction demand. |
| 10/27/21 | 1.5 | Research and review of materials on correction statute requirements; drafting anti-SLAPP motion; call w local counsel (T. Burke) re: strategy issues and legal defenses for anti-SLAPP motion and agreement to seek extension of time from Plaintiffs to file anti-SLAPP motion. |
| 11/17/21 | 1 | Drafting pro hac vice papers |
| 11/21/21 | 1 | Drafting anti-SLAPP motion |
| 11/22/21 | 1 | Drafting anti-SLAPP motion |
| 11/26/21 | 2 | Drafting anti-SLAPP motion |
| 11/27/21 | 4 | Drafting anti-SLAPP motion |
| 11/28/21 | 4 | Drafting anti-SLAPP motion; emails w J. Donnellan and local counsel seeking comments re: draft. |
| 11/29/21 | 2 | Revisions to anti-SLAPP motion based on comments from J. Donnellan and T. Burke; prepartion of accompanying declaration. |
| 11/30/21 | 1 | Revisions to anti-SLAPP papers based on additional comments from R. Sitwala. |
| 12/01/21 | 2 | Revisions to anti-SLAPP papers |
| 12/02/21 | 2 | Finalizing anti-SLAPP papers. |
| 01/26/22 | 1 | Review and analyze oppositon papers |
| 02/01/22 | 2 | Discussion with T. Burke of oppositon to anti-SLAPP motion, arguments for reply related to burdens of showing falsity, actual malice, compliance with corrections statute, possible inclusion of purported "correction demand" relied on but not included by Plaintiffs; research re same. |
| 02/14/22 | 3 | Draft reply brief |
| 02/15/22 | 3 | Draft reply brief |
| 02/16/22 | 1.5 | Revise reply brief; communications with T. Burke re: same. |
| 02/17/22 | 2 | Revise reply brief |
| 02/18/22 | 1.5 | Revising draft reply brief based on comments form J. Donnellan, R. Sitwala and T. Burke. |
| 02/21/22 | 2 | Revise draft reply brief; prepare accompanying declaration |

| Date | Hours | Description |
|---|---|---|
| 02/21/22 | 2 | Finalizing reply brief and accompanying filings. |
| 03/10/22 | 2 | Preparation for oral argument on anti-SLAPP motion |
| 03/11/22 | 3 | Preparation for oral argument on anti-SLAPP motion; moot with J. Donnellan, R. Sitwala, T. Burke |
| 03/15/22 | 2 | Preparation for oral argument on anti-SLAPP motion, second moot argument with J. Donnellan, R. Sitwala. |
| 03/17/22 | 1.5 | Preparation for argument and oral argument before Judge Chen on anti-SLAPP motion. |
| 04/25/22 | 0.5 | Review of Judge Chen's Order dismissing Complaint; discussion of same with T. Burke, J. Donnellan and client |
| 08/18/22 | 1 | Review of Plaintiffs' First Amended Complaint |
| 09/20/22 | 2.5 | Reviewing Plaintiffs' FAC, drafting anti-SLAPP motion |
| 09/21/22 | 7.5 | Drafting anti-SLAPP motion (FAC) and accompanying declaration and other papers |
| 09/22/22 | 4 | Revising anti-SLAPP motion (FAC) based on comments from R. Sitwala, T. Burke and accompanying declaration and other papers |
| 09/23/22 | 2 | Finalizing anti-SLAPP motion (FAC) and accompanying filings |
| 10/22/22 | 0.5 | Review of Plaintiffs' oppostion to anti-SLAPP motion (FAC). |
| 10/27/22 | 0.5 | Review of amicus filed by Rutgers Center for Security, Race and Religion. |
| 11/06/22 | 2 | Draft reply brief (FAC). |
| 11/08/22 | 3 | Draft reply brief (FAC). |
| 11/09/22 | 2 | Draft reply brief (FAC). |
| 11/10/22 | 1 | Draft reply brief (FAC). |
| 11/12/22 | 1 | Revision of Reply brief (FAC) incorporating comments from R. Sitwala, T. Burke. |
| 11/14/22 | 2 | Finalizing reply brief (FAC) and accompanying decalartion and other filings. |
| 01/30/23 | 2 | Preparing for oral argument on anti-SLAPP motion (FAC). |
| 02/01/23 | 2 | Preparing for oral argument on anti-SLAPP motion (FAC). |
| 02/02/23 | 1.5 | Preparing for oral argument and oral argument before Judge Chen on anti-SLAPP motion (FAC). |
| 02/16/23 | 0.5 | Review of Judge Chen's Order dismissing FAC. |
| 02/17/23 | 0.1 | Communication with client re: dismissal of FAC; discussion of fees award. |
| 02/26/23 | 3 | Drafting fees motion and accompanying declarations. |
| 02/27/23 | 4 | Drafting fees motion and accompanying declarations |
| 02/28/23 | 1 | Revisions to draft fees motion brief based on input from T. Burke and R. Sitwala. |
| 03/02/23 | 1 | Finalizing fees motion papers. |
| 03/17/23 | 0.5 | Review Opposition brief; review of cases cited therein. |
| 03/19/23 | 2 | Legal Research on *Brown v. Electronic Arts*, availability of fees on amended complaint following consideration of merits of initial anti-SLAPP motion |
| 03/20/23 | 3.5 | Additional legal research on standards applicable to fee applications under anti-SLAPP in federal court; drafting Reply brief on fees motion. |
| 03/21/23 | 3 | Drafting Reply brief, and revisions to same based on input from T. Burke and R. Sitwala. |
| 03/22/23 | 1.5 | Preparation of Reply Declaration; finalization of Reply papers. |
| **TOTAL** | 111.3 | hours @ $600/per hour = $66,780 |

**TOTAL FEES = $66,780**