GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA 94063
Telephone: 415.236.2048
Email: Dutta@BEELawFirm.com
Fax: 213.405.2416

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and
SHAHID BUTTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR, an individual;

*Plaintiffs,*

vs.

HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 5;

*Defendants.*

CASE NO. 3:21-cv-05566-EMC

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REPLY EVIDENCE**

Hearing Date: Apr. 6, 2023, 1:30 pm

JUDGE: Hon. Edward M. Chen

COURTROOM: 5 – 17th Floor

## I. Introduction

Plaintiffs Shahid Buttar for Congress Committee and Shahid Buttar **object** to Defendant Hearst Communications, Inc's improper reply evidence, proffered by way of the Mar. 23, 2023 Declaration of Diego Ibarguen (Dkt. 76, "Ibarguen Declaration").

## II. Legal Analysis

Paragraphs 3 through 6 of the Ibarguen Declaration must be disregarded, for they improperly and belatedly proffer evidence that Hearst could and should have proffered in its Mar. 2, 2023 Moving Papers. "The reply brief is *not intended* to be the brief that shows for the first

time the movant's evidentiary support for the relief sought in the movant's opening brief.[1] Indeed, the Court has excluded a reply declaration because it "contain[ed] new evidence … that *could have been included* with … [the opening] motion."[2]

Here, Paragraphs 3 through 6 of the Ibarguen Declaration improperly and belatedly proffer evidence (i.e., purported background information on billing) that could and should have been included with its Moving Papers. There is no reason why such evidence could not have been presented as part of Hearst's Moving Papers.

## III. Conclusion

Accordingly, Paragraphs 3 through 6 of the Ibarguen Declaration, as well as any part of Hearst's papers relying on such barred evidence, must be summarily **disregarded.** Instead of improperly and belatedly proffering reply evidence, Hearst would have been better served had its counsel addressed an apposite case that was quoted by this Court: *Sanchez v. Law Office of Armo*, which *barred* anti-SLAPP-based attorney's fees from being imposed in connection with a plaintiff's *original*, *un*-amended complaint.[3]

---

[1] *Mercado v. Sandoval, Inc.*, No. 2:08-cv-02648-GEB-EF, 2009 WL 2031715, at *1 (E.D. Cal. July 9, 2009) (italics added).

[2] *In re Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016 WL 6277245, at *14 (N.D. Cal. Oct. 27, 2016) (italics added); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

[3] "Since Defendant's anti-SLAPP motion is being considered in federal court, and since the Ninth Circuit requires that Plaintiff be given an opportunity to amend her complaint, *see Verizon [Del., Inc. v. Covad Communications Co.]*, 377 F.3d [1081,] 1091 [9th Cir. 2004], the granting in part of Defendants' motion is considered a "*technical victory*" that *does not warrant an award of attorney's fees* to Defendant as the prevailing party. *See Brown [v. Elec. Arts, Inc.]*, 722 F.Supp.2d [1148,] 1156-57 [C.D. Cal. 2010]." *Sanchez v. Law Office of Armo*, No. 1:20-cv-00163-NONE-SKO, 2021 WL 1214559, at *18 (italics added) (*quoted by* Apr. 25, 2022 Order Granting Motion to Dismiss [Dkt. 39], at 20:24-21:3).

DATED: Mar. 30, 2023

BUSINESS, ENERGY, AND ELECTION LAW, PC

By: /s/ Gautam Dutta

GAUTAM DUTTA, ESQ.

Attorneys for Plaintiffs
SHAHID BUTTAR FOR CONGRESS COMMITTEE and SHAHID BUTTAR