1  THOMAS R. Burke (CA State Bar No. 141930)
      thomasburke@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California 94111-6533
   Telephone: (415) 276-6500
4  Facsimile: (415) 276-6599

5  JONATHAN R. DONNELLAN
      jdonnellan@hearst.com (*pro hac vice*)
6  DIEGO IBARGUEN
      dibarguen@hearst.com (*pro hac vice*)
7  HEARST CORPORATION
   300 W. 57th Street, 40th Floor
8  New York, New York 10019
   Telephone: (212) 841-7000
9  Facsimile: (212) 554-7000

10 Attorneys for Defendant
   HEARST COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:21-cv-05566-EMC<br><br>**SUPPLEMENTAL REPLY MEMORANDUM IN RESPONSE TO AUTHORITIES INTRODUCED BY PLAINTIFFS AT HEARING ON DEFENDANT HEARST COMMUNICATIONS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[Cal. Civ. Proc. Code § 425.16]**<br><br>Judge: Hon. Edward M. Chen<br>Date: April 6, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor |

Defendant Hearst Communications, Inc. ("Hearst"), by and through its attorneys, respectfully submits this Supplemental Reply Memorandum in Response to Authorities in Further Support of Hearst's Motion for Attorneys' Fees and Costs (the "Fees Motion").[1]

## I. INTRODUCTION AND ARGUMENT

During oral argument on the Fees Motion (the "Hearing"), counsel for Plaintiffs Shahid Buttar and Shahid Buttar for Congress Committee ("Plaintiffs") relied on various authorities not previously referenced or included in their opposition to the Fees Motion. Despite Plaintiffs' belated reliance on these cases, none offer any basis for opposing the Fees Motion.

Plaintiffs cited several cases purportedly in support of their argument that a defendant in federal court may not collect fees for a successful anti-SLAPP motion brought in response to an original complaint. However, none of these cases supports that proposition.

Two of these cases involved denials of an anti-SLAPP motion as moot, without any consideration of the merits of the underlying motion. *See*, *e.g.*, *Thornbrough v. W. Placer Unified Sch. Dist.*, No. 09-cv-02613, 2010 WL 3069321, at *2 (E.D. Cal. Aug. 3, 2010) (granting fees for a successful second anti-SLAPP motion filed in response to an amended complaint, but denying fees for a first anti-SLAPP motion which the court had denied as moot, noting defendant therefore "did not prevail on his initial anti-SLAPP motion."); *Evans Hotels, LLC v. Unite Here! Local 30*, No. 18-CV-2763, 2022 WL 3924283, at *5 (S.D. Cal. Aug. 30, 2022) (anti-SLAPP motion was dismissed as moot "without addressing the [motion] on the merits" and defendants were therefore not "prevailing parties"). Here, in contrast, the Court dismissed Plaintiffs' original Complaint after fully considering the merits of Hearst's first anti-SLAPP motion; it dismissed claims stemming from the first of two articles *with prejudice* holding that amendment would be futile, and it granted a limited leave to amend only as to claims stemming from the second article. *See* ECF No. 39 (the "First MTD Order") at 20-21. Thus, Hearst's first anti-SLAPP motion was granted after full consideration of its merits, and Hearst was, unlike

---

[1] At the conclusion of the April 6, 2023 hearing on the Fees Motion, the Court authorized undersigned counsel to submit a brief response to several authorities cited by Plaintiffs' counsel for the first time during the hearing.

defendants in the cases cited by Plaintiffs, a "prevailing party" within the meaning of the anti-SLAPP statute.

Plaintiffs also referenced cases where defendants' initial anti-SLAPP motion and motion for fees were denied without prejudice, but where courts expressly noted that the motions could be renewed in response to an amended complaint. *See*, *e.g., Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 820 (N.D. Cal. 2019) (denying the anti-SLAPP motion and motion for fees "without prejudice at this time" on ground that leave to amend had been granted, adding "Defendants may renew their motion if [plaintiff] includes amended state law claims in his second amended complaint."); *Ponderosa Twins Plus One v. IHeartMedia, Inc.*, No. 16-cv-05648, 2020 WL 3481737, at *1 (N.D. Cal. June 26, 2020) (same, adding that anti-SLAPP "may be brought again in response to the amended complaint."). Neither of these cases holds, as Plaintiffs erroneously suggest, that such renewed motions would be limited to fees only for a second anti-SLAPP motion. Here, similarly, the Court made clear that it was withholding ruling on Hearst's entitlement to fees "at this juncture" solely because it was granting Plaintiffs a limited leave to amend. First MTD Order, at 20.

At the Hearing, Plaintiffs also introduced a new argument—absent from their filed opposition to the Fees Motion—that Plaintiffs' financial resources should be considered by the Court in weighing the reasonableness of the fees award sought by Hearst, referencing two decisions that are inapposite to the circumstances here. In *Garrett v. Hine*, No. 21-cv-0845, 2022 WL 2791236 (E.D. Cal. July 15, 2022), plaintiffs voluntarily dropped their state law claims after defendants filed an anti-SLAPP motion. The *Garrett* court granted defendants' fees motion for the anti-SLAPP motion, but reduced their requested award in light of the fact that various federal causes of action remained in the complaint, and also in light of evidence submitted by the plaintiffs of their limited financial resources, noting that they were "individuals" and that the deterrent purposes of the anti-SLAPP fee provisions should not cause financial ruin. *Id.* at *6. Plaintiffs also cited *Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 621 (9th Cir. 1987), in which the Ninth Circuit remanded an award of attorneys' fees to the district court

2

for reconsideration of the various relevant fee standards applicable in a federal civil rights case, as well as the *pro se* plaintiff's ability to pay the fees award. *Id*. at 620-21. None of these circumstances apply to the present case. Here, Plaintiff Buttar is himself a sophisticated litigant, described in the First Amended Complaint as "a constitutional lawyer" and a candidate for the United States House of Representatives, (ECF No. 46, at 2); Buttar and his campaign committee filed suit jointly and they have been represented by counsel throughout this litigation; Plaintiffs have not provided any evidentiary support for their belatedly introduced assertion of limited financial resources; Plaintiffs were plainly on notice and understood from the outset of this litigation that Hearst would seek dismissal of their claims through an anti-SLAPP motion (ECF Nos. 20, 21); and, despite the Court's detailed First MTD Order, Plaintiffs chose to file an Amended Complaint that failed to introduce new factual allegations that remedied the deficiencies of their original Complaint. ECF No. 67, at 8, 15, 17. *See also Sarver v. Hurt Locker LLC*, No. 10-cv-09034, 2012 WL 12892147, at *3 (C.D. Cal. Feb. 2, 2012) (denying plaintiff's motion seeking waiver of supersedeas bond for anti-SLAPP attorneys' fees award, noting that while the court was "sympathetic" to plaintiff's financial hardship, it "cannot place Defendants' statutory right to recovery at risk solely on the basis of Plaintiff's ability to pay").

## II. CONCLUSION

For these reasons, the authorities belatedly introduced and relied on by Plaintiffs at oral Argument have no bearing on Hearst's ability to recover fees for its first anti-SLAPP motion, nor do they have any bearing on the total amount of fees sought by Hearst through the Fees Motion.

DATED: April 10, 2023

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

THE HEARST CORPORATION
JONATHAN R. DONNELLAN (*pro hac vice*)
DIEGO IBARGUEN (*pro hac vice*)

By: /s/ Diego Ibarguen

*Attorneys for Defendant Hearst Communications, Inc.*

3