UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID BUTTAR FOR CONGRESS COMMITTEE, et al., | Case No. 21-cv-05566-EMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| HEARST COMMUNICATIONS, INC., | Docket No. 69 |
| Defendant. | |

Plaintiffs Shahid Buttar and Shahid Buttar for Congress Committee (collectively, "SBCC") filed suit against Defendant Hearst Communications, Inc. ("Hearst") for defamation and violation of California's unfair competition law.  Docket No. 46 ("FAC").  SBCC's claims arise from two stories published in the *San Francisco Chronicle* in July 2020 reporting on allegations that Mr. Buttar, then a candidate for Speaker Nany Pelosi's seat in the U.S. House of Representatives, sexually harassed an acquaintance Elizabeth Croydon several years earlier.  The Court dismissed SBCC's FAC under Fed. R. Civ. P. 12(b)(6) and California's anti-SLAPP statute with prejudice. Docket No. 67.  On March 18, 2023, SBCC appealed to the Ninth Circuit.  Docket No. 73.

Now pending before the Court is Hearst's motion for attorneys' fees and costs.  Docket No. 69 ("MAF").  For the following reasons, the Court **GRANTS** Hearst's Motion for Attorneys' Fees and Costs in the amount of $87,259.55 in attorneys' fees and $634 in costs.

## I. **BACKGROUND**

SBCC filed its original complaint on July 20, 2021.  Docket No. 1 ("Compl.").  First, SBCC alleged defamation at common law and under Cal. Civ. Code § 45 because the "*Chronicle* published Ms. Croydon's false allegations with actual malice," and "failed to contact individuals

. . . [who] would have provided details of Ms. Croydon's history of lobbing false allegations." Compl. ¶¶ 57–58.  Second, SBCC alleged a derivative violation of California's unfair competition law based on Hearst "maliciously defaming Buttar for Congress and Mr. Buttar."  Compl. ¶¶ 65–66.  Hearst filed a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) and Cal. Civ. Proc. Code § 425.16(b)(1) on the basis that the anti-SLAPP statute applies to all SBCC's claims.  Docket No. 27 ("First MTD").  The Court held that SBCC failed to state a claim of defamation under the anti-SLAPP statute and failed to state a derivative claim under California's unfair competition law. Docket No. 39 ("First MTD Order") at 20.  The Court granted the motion to dismiss with prejudice with regards to SBCC's claim stemming from the First Article but without prejudice to amend the complaint as to the Follow-Up Article.  First MTD Order, at 21.

On August 12, 2022, SBCC filed its First Amended Complaint.  Hearst filed another motion to dismiss on the same grounds.  Docket No. 47 ("Second MTD").  The Court granted that motion with prejudice with regards to SBCC's claim stemming from the Follow-Up Article. Docket No. 69 ("Second MTD Order").

Hearst filed a Motion for Attorneys' Fees and Costs.  Docket No. 69 ("MAF").  On March 18, 2023, SBCC appealed to the Ninth Circuit.  Docket No. 73.

## II.      LEGAL STANDARD

A.      Motion for Attorneys' Fees and Costs

The Court may use the "lodestar" method to determine a reasonable fee award.  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).  The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"  *McCown*, 565 F.3d at 1102 (internal citations omitted).

## III.      DISCUSSION

A.      Fee-Shifting Under the Anti-SLAPP Statute

First, the Court must consider whether Hearst is entitled to fees.  Hearst successful moved to dismiss this case under California's anti-SLAPP ("strategic lawsuits against public

participation") statute and is therefore entitled to the benefits of the fee-shifting provision under the anti-SLAPP statute.  The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c)(1) (emphasis added).  The fee-shifting provision is "mandatory."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001).  The provision must be "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit."  *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002).  The Court recognized that the anti-SLAPP fee award is designed to discourage litigation arising in connection with the exercise of free speech rights, "by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional right[] of freedom of speech."  *Ketchum*, 24 Cal. 4th at 1131 (internal quotation marks omitted).

Here, in its order granting the motion to dismiss the amended complaint, the Court found that Hearst made a sufficient showing that SBCC's "suit arises from an act [by the defendant] in furtherance of the defendant's rights of petition or free speech" under the anti-SLAPP statute.  *See* Second MTD Order; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (citation omitted).  There is no dispute that SBCC's suit arises from a written statement by Hearst in a public forum in connection with an issue of public interest in furtherance of Hearst's right of free speech.  *See* Second MTD Opp. at 12 n.51 ("Plaintiffs do not dispute that the first prong of the Anti-SLAPP analysis has been satisfied.").  There is no dispute that Hearst is the prevailing party after the dismissal of the amended complaint disposed of all claims as to the merits with no further leave to amend.  And a party who prevails on an anti-SLAPP motion is entitled to an award of fees under § 425.16(c).  *See, e.g.*, *Smith v. Fireside Thrift Co.*, No. C 07-03883, 2007 WL 2729329, at *2 (N.D. Cal. Sept. 18, 2007).

In its opposition brief, SBCC only disputes whether the anti-SLAPP statute permits recovery from *all* attorney's fees (in connection with both the plaintiff's initial complaint and amended complaint) or only those in connection with the amended complaint.  Opp. to D's MAF at 2.  SBCC cites to *Brown v. Electronic Arts, Inc.*, 722 F. Supp. 2d 1148, 1156–57 (C.D. Cal. 2010) for the proposition that, when a plaintiff's initial complaint and amended complaint were

both sequentially dismissed via anti-SLAPP motions, a defendant is not entitled to attorney's fees or costs in connection with the initial complaint because the defendant was not the prevailing party with respect to the initial complaint.  Opp. to D's MAD at 3.  The question a court must address is how much success the defendant achieved in obtaining a dismissal of the initial complaint and amended complaint.  In *Brown*, the court granted the defendant's motion to strike all the plaintiff's claims in the initial complaint because the plaintiff never filed an opposition, but the court permitted the plaintiff the opportunity to re-allege those same claims against the defendant, which the plaintiff quickly did.  *Brown*, 722 F. Supp. 2d at 1156.  The court explained that, practically speaking, "the posture of the case changed hardly at all following the resolution of [the defendant's] first motion to strike."  *Id.*

Whether a party prevailed as a result of a court's order granting dismissal with leave to amend depends upon whether that dismissal order was decided based on a procedural matter such as insufficiency of pleadings or instead was based on the merits.  The *Brown* court found that the defendant did not prevail because the order dismissed on procedural grounds (that the plaintiff failed to file an opposition) and because the order provided leave to amend (that the plaintiff subsequently took up).  The court explained that the plaintiff is "indeed correct that the posture of the case changed hardly at all following the resolution of [defendant's] first motion to strike. Nonetheless, [defendant] seeks to tout its 'technical' victory as the equivalent of a full-scale dismissal. This is precisely the proposition that the court in *Mann* rejected."  *Id.* (citing *Mann v. Quality Old Time Serv., Inc.*, 139 Cal.App.4th 328, 340, 42 Cal.Rptr.3d 607 (2006) (holding that a party is not considered to have "prevailed" where "the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion")).  Thus, the defendant could not be said to be the prevailing party with respect to the initial complaint; the court denied the defendant's motion for attorney's fees in connection with the first motion to strike.  *Id.* at 1157.

*Brown* is not controlling.  Not only is *Brown* from a different district court and not controlling as to this Court, but more to the point, *Brown* is distinguishable from the instant case. The *Brown* court's dismissal order was premised on procedural grounds, not on the merits, and

permitted the plaintiff to "re-allege all of those same claims" in its amended complaint.  *Id.* at 1156.  Not so here.  In its first order granting the motion to dismiss, this Court dismissed the First Article on the merits and held that "to the extent Plaintiffs' claims stem from the First Article, the claims are dismissed *with prejudice*" (emphasis added); the Court only granted leave to amend with regards to SBCC's claims stemming from the Follow-Up Article, not the First Article. Docket No. 39 at 21.  This was no mere "technical" victory for Hearst.  *Brown*, 722 F. Supp. 2d at 1156; *see also Arenas v. Shed Media US Inc.*, No. CV1105279DMGPJWX, 2012 WL 13008443, at *2 (C.D. Cal. June 8, 2012) (distinguishing *Brown* and holding that defendant was a prevailing party for fees when the court granted a special motion to strike on the merits, despite also giving leave to amend).  Here, the posture of the case did change to narrow the scope of feasible future claims.  Hearst prevailed in having the First Article claims dismissed with prejudice.  Surely it was the prevailing party as to that matter, especially in view of the rule that "[t]he concept of what renders a litigant a prevailing party is to be broadly construed."  *Brown*, 722 F. Supp. 2d at 1155 (citing Cal. Civ. Proc. Code § 425.16(a); *Lin v. City of Pleasanton*, 176 Cal.App.4th 408, 425–26, 96 Cal.Rptr.3d 730 (2009) ("The term 'prevailing party' must be 'interpreted broadly to favor an award of attorney fees to a partially successful defendant.'"), *review denied*, No. S175754 (Cal. Oct. 14, 2009)).

None of the cases relied on by SBCC in the hearing dictate otherwise.  Some of those cases referenced orders from other district courts that denied the first motion to dismiss on procedural grounds, not on the merits as here.  *See Thornbrough v. W. Placer Unified Sch. Dist.*, No. 09-cv-02613, 2010 WL 3069321, at *2 (E.D. Cal. Aug. 3, 2010) (denying fees related to a first anti-SLAPP motion which the court had "denied as moot"); *Evans Hotels, LLC v. Unite Here! Local 30*, No. 18-CV-2763, 2022 WL 3924283, at *5 (S.D. Cal. Aug. 30, 2022) (denying fees related to an anti-SLAPP motion that was dismissed without prejudice and "without addressing the Anti-SLAPP Motion on the merits").  Other cases referenced orders that dismissed without prejudice, in contrast to this Court's dismissal of SBCC's First Article claims with prejudice.  *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 820 (N.D. Cal. 2019) (denying fees when the complaint was dismissed "without prejudice at this time" "because the Court is affording

United States District Court
Northern District of California

[plaintiff] leave to amend his state law claims as to these defendants"); *Ponderosa Twins Plus One v. IHeartMedia, Inc.*, No. 16-cv- 05648, 2020 WL 3481737, at *1 (N.D. Cal. June 26, 2020) (not discussing attorneys' fees in a dismissal order, given that the court provided leave to amend even though "it seems unlikely that [plaintiff] will be able to state a claim" as a matter of law).

This Court cautions SBCC that these authorities and arguments were belatedly disclosed for the first time at oral argument, but that this Court nonetheless addresses them here for the sake of completeness. *See* Cal. R. Ct. 8.204 ("Each brief must: State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority."); *Cahill v. San Diego Gas & Elec. Co.*, 194 Cal. App. 4th 939, 956, 124 Cal. Rptr. 3d 78, 94 (2011) ("The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.").

Thus, there is no need for the Court to cabin an award of attorney's fees to only the amended complaint.  Hearst may seek attorney's fees and costs incurred throughout this litigation.

B.    Amount

Having found that the fee-shifting provision applies, the Court next turns to whether Hearst's requested amount is reasonable.  When state law provides the basis for a party's entitlement to attorneys' fees, a federal court applies state law to calculate the amount of fees. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  California utilizes a "lodestar adjustment method" to calculate attorneys' fees for defendants who prevail on an anti–SLAPP motion.  *Ketchum*, 24 Cal. 4th at 1131.  "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Id.* at 1131–32.  A court may then adjust the lodestar amount based on what constitutes a reasonable fee request in the instant case.  When deciding whether an anti-SLAPP defendant's fee request is "reasonable," a court should consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and necessity for

skilled legal training and ability in trying the cause, and the time consumed." *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996) (citations omitted), *disapproved on other grounds by Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002). Under the lodestar analysis, Hearst's request of $87,259.55 in attorneys' fees and $634 in costs is reasonable.

First, as to the degree of success obtained, this factor favors awarding fees. The "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). As described in the above section, Hearst's anti-SLAPP motions were entirely successful and resulted in, initially, the dismissal of claims relating to the First Article with prejudice and, subsequently, the dismissal of claims relating to the Follow-Up Article with prejudice.

Second, as to the importance of the litigation, this factor favors awarding fees. Hearst's challenged articles concerned national political issues and elections; this litigation vindicated First Amendment free speech rights. Publications on issues of public interest "advanc[e] the 'highest rung' of First Amendment values." *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1047 n.5 (1997) (affirming grant of media organization's SLAPP motion and award of attorneys' fees).

Third, as to the complexity of the issues, this factor somewhat favors awarding fees. The facts involved two publications, a separate Medium article, a separate Open Letter, and several quoted individuals and organizations with different interests at play. While the legal issue of defamation was rather straightforward, the case was complicated by the legal issue of whether Hearst had and fell short of any journalistic failure to investigate. This was not a straightforward case brought against the alleged defamer.

Fourth, as to labor and time, this factor favors awarding fees. As set forth in declarations, Hearst's counsel managed this case efficiently with only one in-house Hearst attorney and one outside attorney. In-house counsel Mr. Ibarguen oversaw legal research, drafting briefing on the anti-SLAPP motion, and prepared for oral argument. Docket No. 71 Declaration of Diego Ibarguen ("Ibarguen Decl.") ¶¶ 15, 17. Mr. Ibarguen incurred $59,280 (amended to $66,780 to include time spent on this motion briefing) in fees at $600 per hour for "legal and factual research,

preparation of motions to dismiss, and accompanying declaration and filings," "review of Plaintiff's opposing papers, legal research, preparation of replies and supporting declarations and additional reply papers," "preparation for and appearance at hearings on both motions to dismiss," and "preparation of motion for fees and costs." *Id.* at ¶ 20; Docket No. 76. Each of the tasks listed in Exhibit A are sufficiently specific, relevant, and non-redundant. Docket No. 70 Exh. A; *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094, 997 P.2d 511, 517–18 (2000), *as modified* (June 2, 2000) (granting an award of attorney's fees to in-house counsel). External Davis Wright Tremaine LLP litigator Mr. Burke advised Hearst on legal strategy, offered comments on Hearst's briefing, and helped prepare Mr. Ibarguen for oral argument. Docket No. 71 Declaration of Thomas R. Burke ("Burke Decl.") ¶ 7. Mr. Burke incurred $20,479.55 in fees at $643 per hour for having "worked closely with Hearst's Senior Counsel Diego Ibarguen and provided counsel on strategy, and reviewed and provided comment on litigation documents, motions and briefs prepared by Mr. Ibarguen," "communicated with opposing counsel regarding various scheduling matters, appeared on behalf of Hearst at the Case Management Conference held on November 30, 2021," and "counseled Mr. Ibarguen on the filing of Hearst's papers and participated in preparation of Mr. Ibarguen for oral argument." *Id.* Each of the tasks listed in Exhibit B are sufficiently specific, relevant, and non-redundant. Docket No. 70 Exh. B. Hearst does not seek attorney's fees for the work of other Hearst in-house attorneys in advising and strategizing.

In its response, SBCC only contests that Hearst did not provide "hourly rate data for defamation cases in the Bay Area legal market" to support Mr. Burke's $643 per hour and Mr. Ibarguen's $600 per hour rates. Opp. to D's MAF at 4. But in its reply, Hearst sets forth the requested citation of hourly rates for defamation cases in the Bay Area. *See* D's Reply for D's MAF at 5 (citing *Peak Health Ctr. v. Dorfman*, No. 19-cv-04145, 2020 WL 3254337, at *5 (N.D. Cal. June 16, 2020) (hourly rates as high as $725); *Wynn v. Chanos*, No. 14-cv-04329, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015) (hourly rates as high as $750)). Hearst also gives examples of Mr. Burke's previous hourly rates. *See* D's Reply for D's MAF at 4–5 (citing *Muslim Advocates v. City of L.A.*, No. BS 163755, 2018 WL 6984902, at *8 (Cal. Super. Ct. Oct. 16, 2018) (Mr. Burke's 2017 rate of $710 and 2018 rate of $725); *City of Inglewood v. Teixeira*, No.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   CV-15-01815, 2015 WL 6146269, at *6 (C.D. Cal. Oct. 8, 2015) (Mr. Burke's 2015 rate of $645);

2   *Public.Resource.Org v. IRS*, No. 13-cv-02789, 2015 WL 9987018, at 6 (N.D. Cal. Nov. 20, 2015)

3   (Mr. Burke's 2015 rate of $645); *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, No. 17-cv-

4   02824, 2020 WL 8877818, at *4 (N.D. Cal. Apr. 22, 2020) (Mr. Burke's 2019 rate of $760)).  In

5   any event, the Court finds no case law mandating that counsel must provide examples of rate data

6   for the precise type of defamation case here for the limited geographical location of the Bay Area.

7   Considering these substantially comparable rates, Mr. Burke's $643 per hour and Mr. Ibarguen's

8   $600 per hour rates are reasonable—indeed, discounted—for this case.

9         Lastly, the Court includes the time spent on this motion for fees and costs in the lodestar

10   calculation.  An anti-SLAPP fee award should also include the fees and costs for preparing the

11   motion for fees and other motions associated with the motion to strike.  *Ketchum*, 24 Cal. 4th at

12   1141 (including "the fees incurred in enforcing the right to mandatory fees under Code of Civil

13   Procedure Section 425.16").

14         SBCC's eleventh-hour argument that the Court should consider Mr. Buttar's financial

15   resources is unpersuasive.  Mr. Buttar's counsel made no mention of this argument in his

16   opposition brief, raising it for the first time at the tail-end of oral argument.  *Cahill*, 194 Cal. App.

17   4th at 956 ("The absence of cogent legal argument or citation to authority allows this court to treat

18   the contention as waived.").  And contrary to SBCC's counsel's assertions at the hearing, a party's

19   limited financial resources do not immunize him from paying attorneys' fees when the law

20   demands it.  SBCC cites to *Garrett v. Hine* for the proposition that "a court 'should consider the

21   financial resources of the plaintiff in awarding fees to a prevailing defendant . . . when the fee

22   request against an individual plaintiff is as sizable as the one involved here.'" *Garrett v. Hine*, No.

23   1:21-CV-0845-DAD-BAK, 2022 WL 2791236, at *6 (E.D. Cal. July 15, 2022) (citing *Miller v.*

24   *Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987)).  *See also Sarver v. Hurt*

25   *Locker LLC*, No. 10-cv-09034, 2012 WL 12892147, at *3 (C.D. Cal. Feb. 2, 2012) ("[T]he Court

26   cannot place Defendants' statutory right to recovery at risk solely on the basis of Plaintiff's ability

27   to pay. Indeed, it may be an abuse of discretion to do so.").  Here, the obligation to pay the fee

28   award does not fall solely on an individual; this suit was jointly brought by Mr. Buttar and his

United States District Court
Northern District of California

campaign organization SBCC ("Shahid Buttar for Congress Committee") and so both Plaintiffs share liability.  FAC ¶ 14.  Importantly, although the Court has the latitude to consider a party's financial status, Mr. Buttar has failed to provide any documentary support for his assertion of limited financial resources.  The Court gives Mr. Buttar one opportunity to submit, under penalty of perjury, full disclosure of his income and financial resources (showing all material assets), as well as full disclosure of financial status of his campaign organization SBCC by April 21, 2023. This information may be filed under seal such that only Defendant and their counsel may see it. Such information shall not be disseminated to any non-party, may be used only for this litigation, and shall be destroyed upon entry of judgment herein.  Defendant may file a short response not to exceed three pages under seal by April 28, 2023.  The matter will then be deemed submitted.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hearst's Motion for Attorneys' Fees and Costs in the amount of $87,259.55 in attorneys' fees ($66,780 in in-house attorneys' fees and $20,479.55 in outside local counsel fees) and $634 in costs.

This order disposes of Docket No. 69.

**IT IS SO ORDERED**.

Dated: April 18, 2023

_____
EDWARD M. CHEN
United States District Judge

10